DAVID B. FLINT, in equity,

*vs.*

WINTER HARBOR LAND COMPANY, AND
WEST SHORE LAND COMPANY.

SAME *vs.* SAME.

SAME *vs.* SAME.

Hancock.    Opinion December 28, 1896.

*Mortgage. Foreclosure. Deficient Security. Stat. Frauds. R. S., c. III, § 2.*

When in a conveyance of land, subject to a mortgage, it is provided in the deed that the conveyance is made subject to a mortgage of the premises, "which said mortgage this grantee by acceptance of this deed hereby assumes and agrees to pay and fully discharge," the grantee becomes liable to the mortgagee, in equity, for the mortgage debt; or the mortgagee may maintain assumpsit for the debt against either the mortgagor, or the grantee, in the deed.

The mortgage debt, in such case, is part of the purchase money, and the promise of the grantee to pay it, is a promise to pay his own debt, and not the debt of another within the statute of frauds.

*Held;* that the mortgage having been foreclosed, the debt is paid to the extent of the value of the mortgaged property, at the date that the foreclosure became absolute. If of less value than the debt, complainant is entitled to

recover the deficiency from the original mortgagor, or from its grantee; and will be entitled to separate decrees against each for the full amount of such deficiency,—but can have only one satisfaction.

The court appoints a master to ascertain and report to the court the value of the mortgaged property, at the date when complainant's title became absolute, and the amount of the mortgage debt at the same date.

ON AGREED STATEMENT.

These were three suits in equity; the first two to recover the interest, and the third to recover the principal and interest, due on a mortgage, given by the Winter Harbor Land Company to Alice I. Hammond.

The cases were reported to the law court upon the following agreed statement:

"On the twenty-seventh day of June, A. D. 1892, the Winter Harbor Land Co. gave a mortgage to Alice I. Hammond of the real property described in the bills to secure the payment of a note of said corporation dated the same day for the sum of $7,000, payable in three years from date, with interest annually at the rate of five per cent per annum until paid. Said mortgage contains a one-year foreclosure clause.

"December 8th, 1892, said Alice I. Hammond, for a valuable consideration, sold and assigned to the complainant said mortgage and note, indorsing the note without recourse.

"On March 14th, 1893, said Winter Harbor Land Co. sold and conveyed said property, with other lands, to the West Shore Land Co., subject, however, to said mortgage. Said conveyance contained the following stipulation:—

'Also made subject to a mortgage deed of the said premises for seven thousand dollars with interest at five per cent given by this grantor to said Alice I. Hammond, dated June 27th, 1892, and recorded in said registry, in Vol. 263, page 165, and by said Hammond assigned to D. B. Flint by assignment dated December 8th, 1892, and recorded with said registry in Vol. 266, page 302, which said mortgage this grantee by acceptance of this deed hereby assumes and agrees to pay and fully discharge.' . . . .

"In July, 1895, said complainant began foreclosure of said mort-

gage by publication, the first publication having been made on July 3d, 1895.

"On September 17th, 1893, the complainant began the above named suit in Equity No. 106, to recover the first year's interest accrued on said mortgage of three hundred and fifty dollars.

"On September 23d, 1894, the complainant began the above named suit in Equity No. 125, to recover the second year's interest accrued on said mortgage of three hundred and fifty dollars.

"July 1st, 1895, said complainant began the above named suit in Equity No. 163, to recover the principal and interest of said mortgage.

"Said complainant has discontinued as to the defendant, Alice I. Hammond, and the bills have been taken pro confesso as to the Winter Harbor Land Co."

The questions involved were:

1.   Whether the West Shore Land Co., is liable for any part of the principal and interest due upon said mortgage upon the foregoing statement of facts.

2.   If liable under the foregoing statement of facts, whether for the full amount of the principal and interest due, or for the excess of principal and interest over the value of the mortgaged property.

3.   Whether or not the issue of fact between the parties, as to whether or not the Winter Harbor Land Co. has any property, is material.

The causes came on to be heard June 1st, 1896, before the presiding justice, and being of the opinion that there were questions of law involved in the same of sufficient importance and doubt to justify the same, and the parties agreeing thereto, he reported the causes upon the foregoing agreed statement of facts, and upon any other facts set forth in the bills that are not denied by the answers, to the next law court within and for the Eastern District; and the parties consenting thereto, said causes to be entered and heard in the Western District. The parties further stipulated that "if the law court shall determine that the West Shore Land Co. is liable, but that the extent of its liability in either of the suits depends upon the value of the mortgaged property, then it

shall fix the mode of ascertaining the value of said property by sending the causes to a master or otherwise.

"And if the law court shall determine that the issue as to whether or not the Winter Harbor Land Co. has any property is material, it shall also fix the mode of ascertaining that issue.

"If the law court shall determine that neither the value of the mortgaged property nor the issue as to whether the Winter Harbor Land Co. has any property is material, then the law court shall order such a decree as the rights of the parties require."

Answer of the West Shore Land Company.    .   .   .

8. And further answering the said defendant says that if any such contract on its part was made as is set forth in the plaintiff's bill, whereby the said defendant agreed to assume and pay the mortgage given by the Winter Harbor Land Co., to Alice I. Hammond, such contract or .agreement was a promise to pay the debt of another, and was void under c. III, § 2, R. S. of Maine; and the defendant says that such contract or agreement was not in writing, nor was there any memorandum or note thereof in writing signed by this defendant, or by any person thereunto lawfully authorized by said defendant.

And further answering the said defendant says that the plaintiff has no remedy in equity against it.

And it asks that it may have all the rights, under this answer against the said plaintiff's bill, that it would have had if it had demurred thereto.

*L. B. Deasy*, for plaintiff.

The Winter Harbor Land Company, could have maintained an action of assumpsit upon the agreement of its grantee. Even without paying the debt, an action at law could have been maintained and the whole amount of the debt recovered of its grantee. *Locke* v. *Homer*, 131 Mass. 93; *Barron* v. *Paine*, 83 Maine, 323.

But there being no privity of contract with the mortgagee, an action at law cannot be maintained by him. *Prentice* v. *Brimhall*, 123 Mass. 293; *Mellen* v. *Whipple*, 1 Gray, 317.

In New York, and possibly some other states, an action at law will lie in favor of the mortgagee, but this is an exception to

the general rule. *Thorp* v. *Keokuk Coal Company*, 48 N. Y. 259.

The mortgagee may by bill in equity enforce such a covenant. This in some jurisdictions is based upon the avoidance of circuity of action and in others upon the doctrine of subrogation. Upon one or the other of these grounds jurisdiction in equity has been sustained where equity has been invoked. There are general statements contained in some cases that a covenant by a purchaser to assume and pay a mortgage cannot be enforced by the mortgagee; but these statements are contained in opinions in suits at law and do not apply to or preclude the remedy in equity. Counsel cited: *Pruden* v. *Williams*, 26 N. J. Eq. 210; *Klapworth* v. *Dressler*, 13 N. J. Eq. 62, (78 Am. Dec. 69); *Crowell* v. *Hospital*, 27 N. J. Eq. 656; *Norwood* v. *DeHart*, 30 N. J. Eq. 414; *Trotter* v. *Hughes*, 12 N. Y. 74, (62 Am. Dec. 137); *Marsh* v. *Pike*, 10 Paige, 595; *Cornell* v. *Prescott*, 2 Barbour, 16; *Corbett* v. *Waterman*, 11 Iowa, 86; *Bowen* v. *Kurtz*, 37 Iowa, 239; *Higman* v. *Stewart*, 38 Mich. 523; *Stuart* v. *Worden*, 42 Mich. 154; *Booth* v. *Conn. Mut. Life Ins. Co.*, 43 Mich. 299; *Waters* v. *Bassell*, 58 Miss. 602; *Hare* v. *Murphy*, (Neb.), 29 L. R. A. 851. See also *Coffin* v. *Adams*, 131 Mass. 137, and note in 78 Am. Dec. 72, 75 and 77.

Stat. of Frauds: *Locke* v. *Homer*, 131 Mass. 102; *Hubon* v. *Park*, 116 Mass. 541; *Alger* v. *Scoville*, 1 Gray, 391.

*A. W. King*, for West Shore Land Company.

Counsel argued that, as to the second question, the value of the mortgaged property should be determined in some way which will insure a fair result; and that if the amount due under the mortgage is in excess of the value, judgment should be rendered only for such excess.

SITTING: WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J. The complainant is the holder of a mortgage upon real estate given by the Winter Harbor Land Company to Alice I. Hammond, and by her assigned to complainant. Two of the

bills are to recover accrued interest upon the mortgage debt, and the third to recover the excess of the mortgage debt over the value of the estate mortgaged. The mortgage has been foreclosed, and complainant has full title to the premises. He alleges that the mortgaged property is of less value than the amount of the mortgage debt. This is denied by the West Shore Land Company, who hold a conveyance of the property from the Winter Harbor Land Company, which was made subject to this mortgage, and contains the provision "which said mortgage this grantee by acceptance of this deed hereby assumes and agrees to pay and fully discharge."

Under this provision in the deed, the West Shore Land Company became liable to the holder of the mortgage, for the entire mortgage debt. It was part of the purchase money, and the promise to pay it was a promise to pay its own debt and not the debt of another within the statute of frauds. Complainant not being a party to that deed, he may have remedy in equity, against the mortgagor and his grantee, or implied assumpsit against either. *Baldwin* v. *Emery*, post.

Having acquired absolute title to the mortgaged property, the debt is thereby paid if the value of the property equals or exceeds the amount of the debt. If less than that, complainant is entitled to recover the deficiency from the original mortgagor, or from its grantee, and will be entitled to separate decrees against each for the full amount of such deficiency,—he can have, however, but one satisfaction.

The cases must go to a master to ascertain and report to the court the value of the mortgaged property, at the date when complainant's title became absolute, and the amount of the mortgage debt at the same date. Upon the coming in and acceptance of his report, final decree to be made.

*Bill sustained.   Master to be appointed.*