## CUMBERLAND NATIONAL BANK

### *vs.*

## MADAN K. ST. CLAIR, and others.

### Cumberland.     Opinion May 29, 1899.

*Assumpsit.    Action.    Implied promise by purchaser of mortgage.*

The holder of a promissory note secured by mortgage may recover the contents of his note from the purchaser of the mortgaged property, who assumes the mortgage debt and agrees with the maker of the mortgage note by writing, not under seal, to pay the same. In such case, where the transaction fairly imports such to have been the intention of the parties, an implied promise by the purchaser results from equitable considerations to pay the debt to the holder of it.

ON EXCEPTIONS BY DEFENDANTS.

This was an action of assumpsit upon the following guaranty executed by the defendants:—

"Whereas Wilson & Berry, copartners of Camden, Knox Co., Maine, have sold to us all their right, title and interest in and to the machinery, pulleys, belts, couplings, hangings, and 16 feet of shafting now in the mill in said Camden occupied by them and known as the 'Bakery Building,' said machinery being mortgaged to Chase & Son & Co. of Portland, and sold to us subject to said mortgage.

"Now therefore in consideration thereof we hereby guarantee to said Wilson & Berry that we will assume said mortgage debt and pay the notes secured by said mortgage and hold all parties to said notes harmless from all damage on account of said notes.

November 29, 1892.

M. K. ST. CLAIR & Co."

The case was heard by the presiding justice without the intervention of a jury, the right of exception being reserved, who found as follows :—

"I find as a matter of fact that Wilson and Berry, to whom the defendants gave the guaranty in question, succeeded by purchase to all the rights which Wilson, Berry & Co. the makers of the note described in the writ, had in the property described in the mortgage therein named, and that the defendants, by virtue of their purchase, entered into possession and enjoyment of the said property subject to said mortgage. There being no controversy in relation to any of the averments of fact in the declaration, judgment is rendered for the plaintiff for the sum of sixteen hundred & one 70-100 dollars ($1601.70)."

*L. M. Webb*, for plaintiff.

*J. H. and C. O. Montgomery*, for defendants.

While courts have held that actions may be maintained by third parties for whose benefit a promise has been made, when the agreement is made to parties directly liable to them, they have disallowed such actions when not made to parties directly liable to the plaintiff.

The earliest and most constant courts to maintain the doctrine are the courts of New York. But that court says, "in every case

in which an action has been sustained there has been a debt or duty owing by the promisee to the party claiming to sue upon the promise." *Vrooman* v. *Turner*, 69 N. Y. 280; *Merrill* v. *Green*, 55 N. Y. 270.

In *Bohanan* v. *Pope*, 24 Maine, 93, it was agreed that the plaintiff was hired by Whitney and worked upon the logs in hauling and cutting them. Before hiring the writing was shown to him wherein defendant promised to pay.

In *Lewis* v. *Sawyer*, 44 Maine, 332, the money was put into defendant's hands for the use of the plaintiff.

In *Maxwell* v. *Haynes*, 41 Maine, 559, defendant received funds for which he promised to pay a debt of A. to C.

In *Dearborn* v. *Parks*, 5 Maine, 81, money was left in the hands of defendant to pay plaintiff a debt owed to him by A.

*Meech* v. *Ensign*, 49 Conn. 191, 44 Am. Reports, 225, is the argument against the doctrine and reviews the cases with great clearness.

*Mellen* v. *Whipple*, 1 Gray, 317, is also in line.

" It is not every contract for the benefit of a third person that is enforceable by the beneficiary. It must appear that the contract was made and was intended for his benefit. The fact that if the contract is carried out according to its terms would inure to his benefit, is not sufficient for him to demand its fulfillment. It must appear to have been the intention of the parties to secure to him personally the benefit of its provisions." *Sayward* v. *Dexter, Horton & Co.*, 72 Fed. Rep. 765.

SITTING: EMERY, HASKELL, WISWELL, STROUT, FOGLER, JJ.

HASKELL, J.   Assumpsit to recover from the purchaser of mortgaged property, who assumed the mortgage debt and agreed to pay the mortgage notes, the contents of a promissory note secured by the mortgage.

The promise to pay the note was made with two persons, who with another were makers of it and personally liable therefor. The promise was for the benefit of the holder as well. Had the

promise to pay been a covenant under seal with the covenantee, to pay either to him or to the beneficiary, the covenantee alone could sue, for the covenant would have been with him, and damages for the breach thereof would arise to him only, although for the benefit of another, who might bring the suit in the name of the covenantee, but for his own benefit. *Brann v. Maine Benefit Life Association*, 92 Maine, 341, and cases cited. If the deed contain no covenant to pay, but merely recitals from which a promise to pay would arise, or be implied, then assumpsit would lie in favor of either the grantee or beneficiary. *Baldwin* v. *Emery*, 89 Maine, 498. So where the promise is by parol, as in the case at bar, to assume the debt and pay it, the promise is with the debtor, and for his benefit, because payment will relieve him from the debt. So, too, it is for the benefit of the creditor, as an additional security. No good reason can be given why the creditor may not recover his debt upon a promise to pay it, impliedly to him. The law implies assumpsit where money is due and ought to be paid, if there be no express promise, but an express promise excludes an implied one. *Wirth* v. *Roche*, 92 Maine, 383 ; *Billings* v. *Mason*, 80 Maine, 496 ; *Wood* v. *Finson*, 89 Maine, 459. In the case at bar there was an express promise with the debtor to pay the debt. The law implies a promise to the creditor also. He therefore may sue. It is true, that the beneficiary may not always sue where the fruits of a promise with another inure to his benefit, but only where the transaction fairly imports that right to have been the contemplation of the parties, for an implied promise results from equitable considerations, that many times gives a remedy to prevent circuity of action, unnecessary delay, and perhaps the failure of justice altogether. For illustration, reverse the situation. A man, without request of the debtor, voluntarily pays the debt. The law will not imply a promise of the debtor to repay him. *Ames* v. *Coffin*, 89 Maine, 300; *Lafontain* v. *Hayhurst*, 89 Maine, 388; *Sanderson* v. *Brown*, 57 Maine, 308; *Hill* v. *Packard*, 69 Maine, 158.

*Exceptions overruled.*