ANNIE D. ROE

*v.*

THE MAYOR AND ALDERMEN OF JERSEY CITY.

[Decided May 3d, 1911.]

1. In a very large class of cases invoking the jurisdiction of this court. and where there is a complete remedy at law, if the defendant joins issue upon the allegations of the bill, and the case thus goes to final hearing upon the pleadings, and then is argued and submitted to the court for decision. the court will decide the case, although, if objection had been made *in limine* by demurrer, or even by an answer, the court might turn the parties away. on the ground that they had mistaken their forum and that the matter was one purely of legal cognizance.

2. But if a determination and a decree will be in accordance with the forms and methods of courts of equity, then at the end of the trial the court will not ordinarily, of its own motion, turn the parties away and render all their litigation abortive; but the court can always for its own protection, for the maintenance of our dual system whenever necessary to keep sharply distinguished the functions of the law courts and equity courts, of its own motion. decline to determine a purely legal controversy, simply because the parties have seen fit to endeavor to impose that duty upon the court.

3. Courts of equity intervene with great reluctance with the collection of public revenues, and on a bill seeking to have this court interfere with the collection of taxes, the complainant does not occupy a position which commends her to a court of conscience, where it appears that she has been in possession of the lands in question for years, has paid no taxes. for twenty-five or thirty years, and asks the court to intervene and remove as a cloud. or declare void, the tax titles held by the defendant municipality that are many years old, and where since those tax titles were made she. has gone on in possession, collecting the rents, issues and profits of this land and paying nothing, making no tender in her bill

of any of the accumulations of taxes due and unpaid for a generation nearly. Such a case, if any, presented by the bill is purely one of legal cognizance.

4. A court of equity will not intervene and declare void the adjusted amount of taxes under the Martin act and deeds made thereunder, because of strictly legal defects in the proceedings, even though the parties seek to impose that duty upon it.

5. There is a very wide distinction between any possible exercise of jurisdiction by this court under the act to quiet titles, or under the original jurisdiction of the court to remove clouds, where the object of the attack is an ordinary conveyance, a colorable conveyance of any kind, on the one hand; and on the other hand the exercise of such jurisdiction to adjudicate upon the lien of the public authorities for taxes and assessments.

6. The bill in this suit is not filed under the act of 1870, the act to quiet titles, but prays the court, in the exercise of its general jurisdiction to enjoin the collection of these taxes, assessments and liens, to examine all the legal points in regard to them, go through all the proceedings and adjudge that the tax and assessment liens are void, and this the court will not do.

On bill, answer and proofs taken in open court.

*Mr. Peter Bentley,* for the complainant.

*Mr. James J. Murphy,* for the defendants.

STEVENSON, V. C. (orally).

Before hearing any motions I shall dispose of the case of *Roe* v. *Mayor and Aldermen of Jersey City.* My conclusion in that case is that the bill should be dismissed, with costs.

At the opening of the hearing I called the attention of counsel to the question whether any case was presented by the bill of equitable cognizance. The counsel for the defendant took the ground that no such case was presented. The hearing was proceeded with, and after all the testimony was in, upon the argument, counsel for the complainant made an application—perhaps somewhat tentative—to have the bill amended—radically amended—which application was denied. I deal with the case as it is presented by the pleadings and supported by the proofs.

The answer does not object to the jurisdiction of the court. The answer, as I recall it—and I am quite sure that I am sub-

stantially correct in my recollection of it—joins issue upon the allegations of the bill. As counsel are aware, in a very large class of cases where the jurisdiction of this court—a court of equity—is invoked, where there is a complete remedy at law, if the defendant joins issue upon the allegations of the bill and the case thus goes to final hearing upon the pleadings, and then is argued and submitted to the court for decision, the court will decide the case, although, if objection had been made *in limine* by demurrer, or even by an answer, the court might turn the parties away, on the ground that they had mistaken their forum and that the matter was one purely of legal cognizance.

Where the court can make a decree in accordance with its usual methods, where the thing to be ascertained is something that the court is competent to ascertain, where some little additional evidence would fully sustain the jurisdiction of the court and make the case cognizable in equity, the tendency is to treat the conduct of the parties, particularly of the defendant, in filing an answer and making no objection to the exercise of jurisdiction by a court of equity, and the conduct of the parties in litigating in good faith the case before the court, as, in effect, a stipulation that facts do exist which properly found the jurisdiction of a court of equity, and, as I said, if a determination and a decree in form will be in accordance with the methods pursued by courts of equity, then at the end of the trial the court will not ordinarily, of its own motion, turn the parties away and render all their litigation abortive, but the court can always, for its own protection, for the maintenance of our dual system, whenever necessary to keep sharply distinguished the functions of the law courts and equity courts, of its own motion, decline to determine a purely legal controversy, simply because the parties have seen fit to endeavor to impose that duty upon the court.

This is the sort of a case, in my judgment, where a court of equity should be very slow to intervene—very slow to exercise jurisdiction which belongs to a court of law, merely because the parties have not made objection. This bill seeks to have the court of chancery interfere with the collection of taxes in the city of Jersey City. Courts of equity intervene with great reluctance—all courts do, in fact—with the collection of public revenues. The

complainant does not occupy a position which commends her to a court of conscience; she has been in possession for years; she has paid no taxes for twenty-five or thirty years. She asks a court of equity to intervene and remove a cloud, or declare void the tax titles held by the city that are many years old; and since those tax titles were made she has gone on in possession, collecting the rents, issues and profits of this land, and paying nothing. She makes no tender in this bill of any money whatever of all this accumulated mass, representing hundreds or thousands of dollars of taxes due and unpaid for a generation nearly. She does not stand in a position which would make a court of equity favor her in any degree.

Now, when you come to the case that is presented by the bill, if there is any case, it is purely one of legal cognizance. The industrious and astute counsel for complainant had his attention called particularly to the point, "What feature of this case gives equitable cognizance?" and no answer is presented to the question. All the defences pointed out are legal defences. A court of equity is asked to intervene and declare void the adjusted amount of taxes under the Martin act and deeds made thereunder, because of strictly legal defects in the proceedings. A court of equity will not do that sort of work, and will not do it even though the parties seek to impose that duty upon it.

In the case of *Jersey City* v. *Lembeck, 31 N. J. Eq. (4 Stew.)* 255, the limitations are set forth in the opinion of Chief-Justice Beasley for the court of errors and appeals, upon the jurisdiction of the court of chancery under the act of 1870, commonly called "An act to quiet titles." Of course, counsel are entirely familiar with the very great effect that decision has had upon the practice under that statute in this court.

The recent case of *Goodwin* v. *Millville, 75 N. J. Eq. (5 Buch.)* 270, is a very important one indeed. That case also is in the court of errors and appeals and follows up *Jersey City* v. *Lembeck,* and holds that where the landowner has, by laches, lost his remedy to have the validity of an assessment challenged by *certiorari* he has no standing in equity. That is laid down by the court of errors and appeals without even giving any force to the consideration that the issuing of a writ of *certiorari* by the supreme court is discretionary.

And there is a very wide distinction between any possible exercise of jurisdiction by the court of chancery in New Jersey under the act to quiet titles, or under the original jurisdiction of the court to remove clouds, where the object of the attack is an ordinary conveyance, a colorable conveyance or encumbrance of any kind and the exercise of such jurisdiction to adjudicate upon the lien of the public authorities for taxes and assessments. I should certainly be unwilling to create a precedent which would lead to applications to the court of chancery to investigate the validity of taxes and assessments in our municipalities.

It is worth while, perhaps, to note that this is not a bill filed under the act of 1870, the act to quiet titles, which largely extended the jurisdiction of this court. In *Jersey City* v. *Lembeck,* Chief-Justice Beasley says—I cannot give his language, but he points out that the only possible justification for the exercise of jurisdiction in that case by a court of equity lay in the provisions of this act of 1870.

This court, no doubt, may have jurisdiction under that statute in a great many cases to quiet title, where it never would have had any jurisdiction as the law stood—as our system stood—prior to the enactment of that statute by the legislature. The original jurisdiction of the court to remove a cloud is extremely limited—very meagre indeed. Chief-Justice Beasley points out that if the act of 1870 should be construed literally it would enormously extend the jurisdiction of the court, and he takes pains to undertake to cut down any wide extension of the functions of the court of chancery in this class of cases under the sweeping provisions of that act.

But this bill is not filed under that act at all. This bill invokes the general jurisdiction of the court and asks this court, in the exercise of its general jurisdiction, to enjoin the collection of these taxes, assessments and liens, to examine all the legal points in regard to them, go through all the proceedings, follow up the proceedings. pick out the defects, and adjudge that the tax and assessment liens are void.

The court of chancery will do no such work. The bill, therefore, must be dismissed.