BLAINE S. VILES *vs.* FRANK A. KORTY.

Somerset.     Opinion, October 3, 1934.

*Locke, Perkins & Williamson,* for plaintiff.
*Benjamin L. Berman,*
*David V. Berman,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

PATTANGALL, C. J.   Bill in equity to ascertain and recover the amount of a deficiency judgment to which plaintiff is entitled, foreclosure of real estate having been made by publication and value of property being less than the mortgage debt. Case reported on bill and general demurrer. Ground of demurrer that plaintiff has complete and adequate remedy at law.

Demurrer must be sustained. Plaintiff has apparently a complete and adequate remedy at law. "If there be such a legal remedy, there is no occasion for invoking the equity powers of the court." *Titcomb* v. *McAllister*, 77 Me., 353. Equity courts may decline relief on this ground even though the question is not raised by the parties. They will not determine a purely legal question simply because the parties see fit to attempt to impose that duty on the court. *Roe* v. *Mayor and Aldermen,* 80 N. J., Eq. 35, 86 A., 815. True, it is not enough to bar equitable relief that a remedy at law exists. Such remedy must be adequate to afford full redress both in respect to the final relief sought and the mode of obtaining it. A legal remedy may be inadequate because vexatiously inconvenient or involving extraordinary expense and annoyance or undue delay.

None of these factors is present in the instant case. It appears that at the time foreclosure process was begun, it was apparent to the mortgagee that the value of the security was insufficient to satisfy the debt. Mortgagor was a non-resident but owned certain personal property within the jurisdiction of the Maine court. This property was held for the benefit of mortgagee by means of this bill inserted in a writ of attachment.

But no such process was necessary. The note which the mortgage was given to secure might have been sued at law and the same property attached. Such a suit and attachment would not have waived mortgagee's rights as to his security, provided that his attachment did not embrace it. The remedy at law was not only complete and adequate, it was just as efficacious as the remedy in equity and just as convenient. It involved no more delay.

Plaintiff was, apparently, led to the use of the equitable remedy by a study of the case of *Flint* v. *Land Co. et als*, 89 Me., 420,

36 A., 634. There are features in that case which seem to distinguish it from the case at bar. The complainant there was not a party to the deed in which one of the defendants, to whom the original mortgagor had conveyed the mortgaged property, had assumed and agreed to pay the mortgage. The case holds that although implied assumpsit would lie against either defendant, equity furnishes a concurrent remedy. A similar set of facts appeared in *National Bank* v. *St. Clair*, 93 Me., 35, 44 A., 123, and an action at law was upheld, but the court in that case intimated that equity might also be resorted to for the purpose of avoiding circuity of action and possible unnecessary delay. No complication of that sort is apparent here and no excuse furnished for asking equitable relief.

It is also suggested that because our statute permits foreclosure of real estate mortgages by equitable process, it reasonably follows that deficiency judgments may be awarded in equity. But our court has repeatedly held that foreclosure by equitable process is permissible only when the situation is such that foreclosure by legal methods is insufficient to give complete relief. *Rockland* v. *Water Co.*, 86 Me., 55, 29 A., 935. In such cases, the equity court, having properly assumed jurisdiction in the first instance, is authorized to retain it for the purpose of determining whether or not the mortgagee is entitled to a deficiency judgment and, if so, to fix the amount; but in a case such as the one before us, where legal foreclosure is admittedly sufficient, there is no reason for resorting to equity for that purpose.

In accordance with the provisions of Sec. 16, Chap. 96, R. S. 1930, plaintiff's rights may be protected in every particular by the transfer of the case to the law side in the court below and the substitution of appropriate pleadings for those now on file.

> *Demurrer sustained.*
> *Case remanded to lower court*
> *for further proceedings.*