HARRY M. VERRILL, CONSERVATOR

CASCO MERCANTILE TRUST COMPANY

*vs.*

JENNIE D. WEINSTEIN.

Cumberland.     Opinion, March 6, 1937.

*Bernstein & Bernstein,* for plaintiff.
*Jacob H. Berman*
*Edward J. Berman,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-SER, JJ.

THAXTER, J. This case is before this Court on report on an agreed statement of facts. It is an action of debt to which the defendant has pleaded the statute of limitations.

The defendant on August 22nd, 1924, purchased of one Esther Katz certain real estate, and as part of the consideration gave to the vendor a note for $9000 secured by a mortgage on said property. This note was due in two years and bore interest payable quarterly at the rate of eight per cent per annum during said term and for such further time as the principal or any part thereof should remain unpaid. This note by endorsement, and the mortgage by various assignments, passed through several hands, and on September 30, 1930, the Casco Mercantile Trust Company, of which the plaintiff is now the conservator, became the holder of them as collateral for certain notes of Rosenberg Bros. On October 19, 1925, before the maturity of her note, the defendant conveyed to Meyer and Sarah Hecht her equity in the mortgaged property. Under the terms of the deed by which this transfer was made, the grantees assumed and agreed to pay the Katz mortgage. The defendant made no payments on the note after August 22, 1924, but numerous payments were made by the Hechts, the last on May 10, 1932.

The plaintiff has brought suit against the maker of the note, recovery against whom would, under ordinary circumstances, have been barred by the running of the statute of limitations. It is contended, however, that the payments made by the grantees under

their agreement to assume the mortgage interrupt the running of the statute against the liability of the grantor.

It is settled law in this jurisdiction that a promise to one person for a valuable consideration to pay money to another gives a right of action to such third party against the promisor, if there is a breach of such undertaking. *Hinkley* v. *Fowler*, 15 Me., 285 (overruled on another point) ; *Bohanan* v. *Pope*, 42 Me., 93 ; *Watson* v. *Perrigo*, 87 Me., 202, 32 A., 876 ; *Flint* v. *Winter Harbor Land Company, and West Shore Land Company*, 89 Me., 420, 36 A., 634 ; *Baldwin* v. *Emery*, 89 Me., 496, 36 A., 994 ; *Cumberland National Bank* v. *St. Clair*, 93 Me., 35, 44 A., 123. The agreement by the purchaser of an equity of redemption to pay the mortgage debt is a common example of such a contract .

The plaintiff contends that in making such payments the promisor is acting in effect as agent of the mortgagor, and that accordingly the effect of the payments is to interrupt the running of the statute of limitations in the same manner as if they had been made by the maker of the mortgage note. Such claim misconceives the theory on which the liability of the promisor is based. His obligation is not on the note, not as agent of the mortgagor, but to pay a debt of his own. *Watson* v. *Perrigo*, supra ; *Flint* v. *Winter Harbor Land Company, and West Shore Land Company*, supra ; *Baldwin* v. *Emery*, supra ; Williston on Contracts, Rev. Ed., Sec. 399. The deed poll establishes his liability as grantee, the note is evidence of the amount due, but the action is not in covenant nor on the note. It is implied assumpsit to enforce the independent obligation of the promisor.

Under such circumstances, the payments to the holders of the mortgage note did not extend the time of the running of the statute of limitations with respect to this defendant. This conclusion is supported by the overwhelming weight of authority. *Trent* v. *Johnson*, 185 Ark., 288, 47 S. W. (2d), 12 ; *The Trustees of the Old Alms-House Farm of New Haven* v. *Smith*, 52 Conn., 434 ; *Regan* v. *Williams*, 185 Mo., 620, 84 S. W., 959 ; *Turner* v. *Powell*, 85 Mont., 241, 278 P., 512 ; *Boughton* v. *Van Valkenburgh*, 61 N. Y. S., 574 ; *Cottrell* v. *Shepherd*, 86 Wis., 649, 57 N. W., 983 ; 18 A. L. R., 1033, note ; 80 A. L. R., 1436, note ; 17 R. C. L., 944 ; See Williston on Contracts, Rev. Ed., Sec. 399.

*Judgment for the defendant.*