**Florence D. McINTYRE**

v.

**PLUMMER ASSOCIATES.**

Supreme Judicial Court of Maine.

July 18, 1977.

Frederick T. McGonagle, Gorham, for plaintiff.

Robert M. York, Old Orchard Beach, for defendant.

Before DUFRESNE, C. J., and WEATH-ERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

PER CURIAM.

This appeal [1] was taken from a judgment entered in the Superior Court ordering that a contract between the plaintiff and defendant for the sale of real estate be specifically enforced.

We sustain the appeal.

The facts in this case are not seriously disputed. In January 1971 the parties entered into a written agreement wherein the defendant, Plummer Associates, agreed to sell, and the plaintiff, Florence D. McIn-

---

1. Decision on this appeal has been delayed because of the death of plaintiff during its pend-

ency. No compliance with Rule 25(a), M.R. Civ.P., was had until May 20, 1977.

tyre, agreed to buy certain real estate in Hollis, Maine, formerly known as *"Plummer's Store."* The contract called for Mrs. McIntyre to make monthly payments of $100.00, the payments to be applied toward the principal and interest due on the $14,-251.34 purchase price. The contract further specified that Mrs. McIntyre was to pay all property taxes and insurance premiums accruing on the property from the date of the sale.

Mrs. McIntyre paid all the monthly installments through July 1972. At that time, however, she owed $156.80 on the insurance and $101.02 on the property taxes. On July 12 the defendant served Mrs. McIntyre with a notice to quit the premises, informing her that she was in default of that portion of their agreement which called for her to pay the insurance premiums and property taxes.

On August 24, 1972, Mrs. McIntyre notified Plummer Associates by certified mail that she wished to accelerate her payments under the contract and requested that she be apprised of the remaining unpaid balance. Defendant refused receipt of the letter.

In November 1972 Mrs. McIntyre brought suit in York County Superior Court for specific performance of the agreement. Shortly thereafter, she was served with notice of intent to foreclose, stating that she had 60 days to redeem the property by tendering the full purchase price. Mrs. McIntyre made no effort to redeem within the prescribed period.

Finally, in October 1973, after a hearing was had on the matter, the Superior Court justice ordered Plummer Associates to convey title to the property in question to Mrs. McIntyre upon her payment of the remaining balance of the purchase price, plus interest. The justice further ordered that the parties pay the 1972–73 property taxes in proportion to their occupancy of the premises during those years.

This appeal followed.

■ It is axiomatic that an equitable remedy such as specific performance will not be granted where there exists an adequate remedy at law [*Stanton v. Trustees of St. Joseph College*, Me., 233 A.2d 718 (1967); *Viles v. Korty*, 133 Me. 154, 174 A. 903 (1934); *York v. McCausland*, 130 Me. 245, 154 A. 780 (1931)] or where an adequate legal remedy, once available, has been lost by the failure of the party seeking equitable relief to pursue that remedy in a timely manner. *In Re Wife, K*, Del.Ch., 297 A.2d 424 (1972); *Kane v. Morrison*, 352 Pa. 611, 44 A.2d 53 (1945). As the Pennsylvania court so aptly put it in *Kane*:

"Where a remedy is provided at law it must be strictly pursued [citations omitted]. It follows that the doors of a court of equity which would be closed to a vigilant litigant because he has a statutory remedy do not open to him upon his showing that he has ignored that remedy." 44 A.2d at 54.

■ In the instant case we think that appellee had an adequate legal remedy available to her, namely, redemption, and that having failed to pursue that remedy she is not entitled to the equitable relief of specific performance.

Appellee concedes that she was personally served with a notice of intent to foreclose and that she neither tendered the redemption price within the 60 days provided for in the notice nor petitioned the court for an extension of that period as allowed by statute.[1]

The reasons for appellee's inaction do not appear in the record. In her brief, however, appellee asserts that she did not tender the unpaid balance of the purchase price because it was apparent to her that the appellant would not have accepted it, having refused to allow her to accelerate payments on the contract the previous summer and having refused to accept her certi-

1. 14 M.R.S.A. § 6203–F permits a defaulting purchaser under a land sale contract to apply to a justice of the Supreme Judicial or Superior Court for an extension of the period of redemp- tion. The court is empowered to grant an extension of up to one year for good cause shown.

fied letter containing the amount due for insurance and property taxes.

Even if we accept appellee's explanation of her inaction and assume that her failure to redeem was not in bad faith, it would not aid appellee's cause. Appellee nowhere alleges (and the record nowhere indicates) that she was fraudulently induced to forego her remedy of redemption. Absent such an allegation and proof thereof, appellee must suffer the consequences of her lack of vigilance.

The entry must be:

Appeal sustained.

Judgment of Superior Court vacated.

WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

All Justices concurring.