**Charles H. HAMMOND, et al.**

v.

**Nancy Lou STILES, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 31, 1989.
Decided Dec. 12, 1989.

The facts may be summarized as follows: Raymond and Linda Lombard owned land and buildings in Lewiston. In 1981, they conveyed the property on a bond for deed to Gerald and Linda Douglas who in turn assigned their interests to T.T.J. Realty, Inc. T.T.J. then assigned its interest in the property to the plaintiffs. In 1985, the plaintiffs assigned the bond for a deed to the defendants. The consideration for the assignment was $210,000. Defendants paid $21,000 down and signed a promissory note in the amount of $189,000. The assignment provided that in the event of default, plaintiffs could foreclose "without prejudice to any remedies which otherwise may be used for arrears of payments required of them."

Ronald L. Bissonnette (orally) Lloyd N. Martin, Isaacson & Raymond, P.A., Lewiston, for plaintiffs.

M. Kelly Matzen (orally) Trafton & Matzen, Auburn, for Simard.

Robert Montgomery (orally), Portland, for Stiles.

John Murphy, So. Portland, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Plaintiffs Charles and Roberta Hammond appeal from an order of the Superior Court (Cumberland County, *Fritzsche, J.*) dismissing their action for failure to state a claim against defendants Nancy Stiles, John Murphy and Peter Simard. Plaintiffs sought a deficiency judgment for the balance due on a land sales contract after deducting the value of the real estate recovered by strict foreclosure. The Superior Court observed that a mortgagee has no duty to account for a surplus unless the mortgage is foreclosed by a sale of the mortgaged premises. From that premise, the court reasoned that similarly, no claim for a deficiency could be stated unless foreclosure was accomplished by a sale. Such a conclusion does not accurately reflect Maine law. We vacate the judgment.

Defendants defaulted and plaintiffs foreclosed by serving written notice of foreclosure pursuant to 14 M.R.S.A. §§ 6203–F and 6203(2) (1980). The period of redemption expired and plaintiffs took possession. Thereafter, the prior owners, the Douglasses, obtained a judgment of foreclosure and an order of sale against their assignee and all others in the chain of assignments as parties-in-interest. The redemption period expired and the rights of all the parties were extinguished. Plaintiffs in this action allege that at the time of their foreclosure the property had an appraised value of $170,000, leaving a deficiency of over $60,-000 including interest, attorney fees, and unpaid taxes and utility bills. Plaintiffs appeal from the Superior Court order dismissing their complaint for failure to state a claim, and from the denial of their request for approval of an attachment.

The Superior Court relied on *Atlantic Oceanic Kampgrounds, Inc. v. Camden National Bank*, 473 A.2d 884 (Me.1984) in dismissing plaintiffs' complaint. In *Kampgrounds*, we held that because strict foreclosure pursuant to Section 6203 "do[es] not involve a sale of the mortgaged premises as part of the procedure leading to extinguishment of the mortgagor's interest," there is no duty on the part of the mortgagee under 14 M.R.S.A. § 6204–A (1980) to reimburse the mortgagor for any sur-

plus resulting from a sale occurring after the completion of foreclosure. *Id.* at 886.

In *Kampgrounds* we construed those provisions of section 6204–A pertaining to a surplus. Although logic might suggest that a surplus and a deficiency would be similarly treated under the law, such a view overlooks the fact that each concept has a separate and distinct history of development. An action for a surplus was unknown at common law and arises solely from the enactment of section 6204–A in 1975. It has long been the law in Maine, however, that strict foreclosure of a mortgage satisfies the mortgage debt only to the extent of the value of the property at the time of foreclosure. *See e.g., Mann v. Homestead Realty Co.*, 134 Me. 37, 180 A. 807 (1935). Accordingly, actions were allowed for deficiencies following strict foreclosure. *Flint v. Winter Harbor Land Co.*, 89 Me. 420, 36 A. 634 (1896).

In 1967 the Legislature enacted section 6203–F and, for the first time, provided a method of foreclosing "contracts for the sale of real estate, including a bond for a deed." Rather than creating a separate method of foreclosure for bonds for a deed, the Legislature provided that the purchaser's rights could be foreclosed by "any of the means provided by law for the foreclosure of mortgages." Because the effect of strict foreclosure has long been settled in this regard, we can ascribe no different effect to the foreclosure of a bond for a deed accomplished by identical means.[1] The legislative history of related legislation does give rise to some ambiguity. For example, in debating the enactment of 14 M.R.S.A. § 6203–A to 6203–E (a provision for foreclosure by power of sale against corporate mortgagor with opportunity for obtaining a deficiency judgment) one supporter stated: "Again, I wish to emphasize that this does not in any way apply to private individuals or private mortgages." Legis.Rec. 3471 (1967) (statement of Rep.

Darey). Defendants would have us interpret this statement as an expression of the Legislature's general intention to abrogate any basis for claiming a deficiency against an individual. Ambiguous and isolated statements in debate do not have the effect of law. We hold that plaintiffs' complaint states a cause of action even in the absence of an allegation of foreclosure by sale.

Because the Superior Court dismissed plaintiffs' complaint, it denied their request for an attachment. On remand, the court should consider the merits of the request.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. We are aware that the method of foreclosure involved in this case may implicate concerns for due process. *See* Comment, *The Constitutionality of Maine's Real Estate Mortgage Foreclosure Statute,* 32 Me.L.Rev. 147, 158 (1980). Such concerns may be the reason that foreclosure by

service of notice has fallen into disuse. No constitutional issues have been briefed on appeal and we have no occasion to consider such an issue in the context of determining the sufficiency of a complaint.