## Lasky, Appellant, *v.* Paprocki et ux.

Argued September 27, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas P. Nee*, with him *Joseph A. Burns*, for appellant.

*Harold Smith Haller*, with him *Wayne R. Donahue*, for appellees.

PER CURIAM, October 14, 1949:

This is an appeal from the decree of the court below dismissing exceptions to the Chancellor's findings of fact and dismissing the bill of complaint.

The appellant filed a bill in equity for the cancellation of a deed purported to be executed by Waclaw Paprocki, father of the appellant, during his lifetime, which conveyed to his son, Walter Paprocki, and the latter's wife, Cora Paprocki, certain real estate in the Borough of Arnold, Westmoreland County. The consideration set forth was $3200.00. Waclaw Paprocki died on April 25, 1948. Five days later the above deed was recorded in Westmoreland County. Appellant then filed a bill, asking that the deed be set aside, and alleged, inter alia, fraud and undue influence, mental incapacity on the part of the grantor and lack of consideration. On May 25, 1948, there was filed what purported to be the last will and testament of Waclaw Paprocki in the Office of the Register of Wills of Westmoreland County, and in this Will, he devised, inter alia, the above mentioned property to Walter Paprocki, one of the appellees. This Will was dated February 8, 1944.

The case came on for hearing on the bill and answer. At the close of appellant's testimony the appellees moved to dismiss the bill and the Chancellor granted the motion. The matter was later heard by the court en banc. On January 21, 1949, the findings of fact, discussion and conclusions of law and a decree nisi were

filed by Judge BAUER, to which exceptions were duly filed on January 28, 1949. The exceptions were placed on the argument list and heard by the court en banc. The exceptions were overruled in an opinion filed by Judge BAUER and a final decree was entered.

The decree is based upon the following findings of fact.

"At the time of the execution of the deed, Waclaw Paprocki was possessed of sufficient mental capacity to transfer his property."

"At the time of the execution of the deed, appellees did not stand in a confidential relationship to Waclaw Paprocki. The mere fact of consanguinity does not establish a confidential relationship between parent and child."

"There was no force, coercion, or undue influence practiced by the appellees on Waclaw Paprocki. No fraud has been established by the evidence and transactions between parent and child are not fraudulent per se, '. . . they must be treated just as are transactions between ordinary debtors and creditors, and where the *bona fides* of their transaction is attacked, the fraud must be clearly proved;' Estate of Robert Coleman, deceased, Appeal of Louise Ybanez Anduga, widow of George Dawson Coleman, deceased, 193 Pa. 605 at 612."

We have reviewed the record in this case and we found no evidence whatever to sustain appellant's allegations. Mental capacity to transact business is presumed and the burden is on those who deny it. *Teats v. Anderson*, 358 Pa. 523. Appellant not only failed to meet this burden of proof but offered testimony that would indicate that the grantor was not mentally incapacitated. There was no evidence offered by appellant to support the allegations that at the time of the execution of the deed, the appellees stood in a confidential relationship to Waclaw Paprocki, the grantor.

". . . conjecture and suspicion do not take the place of testimony:" *Rosenthal's Estate,* 339 Pa. 488, 496; *White et al. v. Chester Municipal Authority et al., Appellants,* 349 Pa. 118, 121; *Monongahela Trust Co., Appellant, v. Kazimer et al.,* 161 Pa. Superior Ct. 380.

Decree is affirmed at appellant's cost.