Gracey, Appellant, *v.* Rutherford.

Argued November 21, 1950. Before DREW, C. J.,
STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Edward F. Hitchcock,* with him *A. Sidney Johnson,
Jr., John Lamon, Butler, Beatty, Greer & Johnson* and
*Lamon & Lamon,* for appellants.

*George H. Class,* with him *George E. Kearns, Jr.,
Lindenmuth & Class* and *Robert W. Cuthill,* in propria
persona, for appellees.

Opinion by Mr. Justice Allen M. Stearne, January 2, 1951:

These two appeals, which were argued together, are from decree dismissing two bills in equity which sought to set aside and declare void deeds of conveyance of real estate.

Plaintiffs are the executors named in the will of John Rutherford, deceased, and his daughter and granddaughters being beneficiaries under the will. In one suit the defendant is a son while in the other suit defendant is a stranger in blood to the testator, but who disclaims any personal interest and has filed a declaration of trust for the benefit of the settlor and for John Rutherford's son George. In both bills it is averred that the grantor was in his 82nd year at the date of transfer and was weak in body and mind, easily influenced, and not possessed of sufficient mental capacity to make the transfers intelligently. The defendants were charged with exercising undue influence and with fraud. Answers were filed and the two cases were heard together. Separate adjudications and opinions were filed. The appeals followed the dismissal of the bills.

On July 13, 1943, John Rutherford executed and delivered to his son George (defendant), a deed for a piece of land situate in Delaware County. The consideration was $1.00. On December 1, 1943, the same grantor executed and delivered another deed to his son George, conveying a strip of land of about 6 feet in depth which, it was testified, was for the purpose of giving a back entrance to the other tract of land so conveyed.

On December 1, 1943, John Rutherford executed and delivered to Robert W. Cuthill, his real estate agent (defendant), a deed for another piece of land situate in Delaware County. The grantee executed and delivered a declaration of trust that he held the land

for the use of John Rutherford during life and thereafter for the use of the son George.

All of the real estate conveyed consisted of a portion of a larger tract of land belonging to John Rutherford and which had been divided into building lots. A copy of the plan of lots is in the evidence.

On *July 13, 1944,* John Rutherford executed a will, probated after his death, which is unappealed, wherein he divided his estate, one third absolutely to his daughter, Katherine Rutherford Gracey (a plaintiff); one third in trust for his son, John William Rutherford (since deceased) for life, with remainder to his granddaughter, Elizabeth Rutherford Woodruff, now Allen, (a plaintiff), and the remaining one third in trust for his son, George Rutherford (defendant) and his granddaughter, Esther Rutherford, for the life of the son George, and upon George's death to his grandchildren, Esther and John Rutherford, equally. The will named two individuals as executors (plaintiffs).

On December 6, 1944, the Court of Common Pleas of Delaware County decreed that John Rutherford was unable to care for his property and a trust company was appointed guardian for his estate.

John Rutherford died July 10, 1945. The heirs of decedent were two sons and a daughter. The record is silent as to the size of the estate. It was suggested in the testimony that the transfers of the real estate in question amount, in value, to approximately one half of the estate.

We have then presented a situation where an aged father in poor health transfers to one of his children two pieces of valuable real estate, and over 16 months thereafter is adjudged mentally incompetent to manage his estate. The grantor, one year after the first transfer, executes a will, probated after his death, with same beneficiaries as plaintiffs in these suits. It is asserted that while the grantor was incompetent to

make the transfer on July 13, 1943, he was competent to execute the will on July 13, 1944, under which plaintiffs claim. It is true that less capacity is required to make a will than to transact ordinary business. The situation here presented required careful examination of the evidence.

In evaluating the evidence, its nature and effect must be measured in the light of the decided cases. Mental capacity, undue influence and confidential relation have been so repeatedly defined by this Court that it seems unnecessary to again repeat what we have so frequently decided. The evidence discloses no sufficient proof of the absence of intelligent knowledge and understanding by grantor of what he was transferring. There was no proof of imprisonment of body or mind, inordinate flattery, or physical or moral coercion to prejudice the mind or destroy grantor's free agency so as to operate as a present restraint upon him. Nor was there evidence of a confidential relation between either of the defendants and grantor. See *Ash Will*, 351 Pa. 317, 41 A. 2d 620; *Quein Will*, 361 Pa. 133, 62 A. 2d 909; *Kees, Executor, v. Green*, 365 Pa. 368, 75 A. 2d 602. Generally speaking, the burden of proof is upon the person asserting lack of capacity, confidential relations or undue influence: *Kees, Executor, v. Green*, supra.

We deem it unnecessary to discuss the evidence in detail. It will suffice to state that the quality of the evidence offered by plaintiffs fell far short of the legal requirements necessary to set aside a deed. It is true that there existed ground for conjecture and suspicion, but this Court has repeatedly held that conjecture and suspicion do not take the place of testimony: *Rosenthal's Estate*, 339 Pa. 488, 496, 15 A. 2d 370; *Sellers & Co. v. Clarke-Harrison, Inc.*, 354 Pa. 109, 120, 46 A. 2d 497; *Lasky v. Paprocki et ux.*, 363 Pa. 50, 53, 68 A. 2d 593, and cases therein cited.

The learned chancellor heard the cases with thoroughness and fairness. In his adjudications he accurately reviewed and analyzed the evidence and made findings of fact that the grantor was mentally competent, the deeds were not procured by undue influence and that the grantor was not cheated or defrauded. These findings, amply supported by the evidence, were approved by the court in banc. The 106 exceptions of plaintiffs in one case and 103 in the other were adequately disposed of by the court in banc. The weakness in plaintiffs' cases was the obvious insufficiency and inadequacy of testimony which was not cured by the existence of surmise and suspicion, colloquy of counsel or the inordinate number of exceptions and assignments of error.

Decrees affirmed at the cost of appellants.