## M. D. CLARK ET AL. v. BOR. OF WASHINGTON.

RULE TO SHOW CAUSE WHY SUPREME COURT SHOULD NOT TAKE ORIGINAL JURISDICTION OF A BILL FOR AN INJUNCTION.

Argued October 5, 1891—Decided January 4, 1892.

[To be reported.]

1. The Supreme Court has power to take original jurisdiction of a bill to restrain a municipal corporation from doing an act contrary to law, but will do so only in extreme cases. Not only must the case be important in its character, but a special reason why that court should entertain the bill, must be shown.

(a) A bill to restrain the taking of land by a borough under a statute claimed to be unconstitutional, averred that the act had been held valid by the Common Pleas of the county in a similar case, and to bring the

question before the Supreme Court in the ordinary way, would involve delay that would be harmful to the plaintiffs :

2. The allegation as to the injurious result of delay being vague, it not appearing that the question could not have been brought before the Supreme Court by appeal, at as early a day as a motion for an injunction could there be heard, and no exceptional circumstances being shown, the Supreme Court declined to take original jurisdiction.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 228 October Term 1891.

On July 7, 1891, Margaret D. Clark and others caused to be presented to Mr. Justice CLARK, at chambers, a bill in equity for an injunction against " The Burgesses and Inhabitants of the Borough of Washington in the county of Washington," and William J. Dunn.

The bill averred, in substance, that the plaintiffs were the owners and occupants of a farm of about two hundred acres in Canton township, Washington county, situated about one-half mile distant, at the nearest point, from the limits of the borough of Washington ; that said farm was watered solely by Chartiers creek, a stream which in seasons of drought frequently ceased to flow; that a portion of the farm near to said stream, in a populous neighborhood, had been laid out in building lots a number of which had dwellings erected on them; that the defendant borough had entered upon said farm, and located thereon the main sewer and outlet of the sewerage system of said borough, and by its contractor, William J. Dunn, was about to commence the construction of said sewer and outlet, claiming the right to do so by virtue of the act of May 15, 1889, P. L. 220 ; that the population, within the corporate limits of said borough, was over seven thousand persons, and it was intended to discharge all the sewage from the borough into the said stream upon the land of the plaintiffs, the consequence of which would be to do great, irreparable and unnecessary damage to the plaintiffs' property, to endanger life and health in the neighborhood of the sewer outlet and along the stream, to prevent the use of said stream as a water supply, and to create a permanent nuisance and a continuing trespass ; that the act of May 15, 1889, under which the right to make such entry on the plaint-

Arguments.

iffs' land was claimed, was in violation of § 3, article III. of the constitution, in that it contained more than one subject, and no subject was clearly expressed in its title; it violated § 6 of the same article, by attempting to extend the provisions of existing laws by reference to their title only; and was in violation of § 8, article XVI., in that it attempted to invest municipal corporations with the right of eminent domain, without providing a method of securing just compensation for property taken, injured, or destroyed; that the Court of Common Pleas of Washington county had decided, upon a bill in equity filed against the same defendants by the owner of other land, that said act of assembly was constitutional; and for the plaintiffs to be compelled to seek relief through the appellate jurisdiction of the Supreme Court, would be productive of great and harmful delay, as the plaintiffs were informed and believed that the credit of the defendant borough was uncertain.

Upon presentation of the foregoing bill, Mr. Justice CLARK made the following order:

And now, July 7, 1891, at the instance of the plaintiffs to this bill, a rule is awarded upon the defendants to show cause why jurisdiction should not be taken of the said bill, and why leave should not be given to move for a special injunction against the defendants as prayed for; returnable before the court in banc, on the first Monday in October next. And leave is given that the bill may be filed in the prothonotary's office for the Western District, subject to the decision of the court upon said rule.

—The rule was called for argument on October 5, 1891.

*Mr. T. F. Birch*, for the plaintiffs:

1. The only question involved, at this hearing, is upon the rule to show cause why jurisdiction should not be entertained. That this court has original jurisdiction in such a case as this, there is no longer a doubt: Wheeler v. Philadelphia, 77 Pa. 344. The bill presents an important constitutional question, relating to all the boroughs of the state. The Court of Common Pleas has decided the act of May 15, 1889, P. L. 220, to be constitutional, in a similar case. An appeal therefrom would be productive of great delay, by which the health of a populous community would be endangered, and the financial credit of the borough of Washington disturbed.

Opinion of the Court.

2. As to the constitutionality of the act of 1889, see : (1) Phœnixville Road, 109 Pa. 49; Commonwealth v. Green, 58 Pa. 233; Dorsey's App., 72 Pa. 192; Beckert v. Allegheny City, 85 Pa. 191; Pottstown Bor., 117 Pa. 546; Sewickley Bor. v. Sholes, 118 Pa. 165; Ridge Ave. Ry. Co. v. Philadelphia, 124 Pa. 219. (2) Titusville I. Works v. Oil Co., 122 Pa. 627; Wells v. Buffalo, 14 Hun 438. (3) McClinton v. Railway Co., 66 Pa. 404; Dimmick v. Brodhead, 75 Pa. 464; Mt. Washington Road Co.'s Pet., 35 N. H. 142; Pittsburgh v. Scott, 1 Pa. 309; Commonwealth v. Railroad Co., 58 Pa. 26; Hatermehl v. Dickerson, 8 Phila. 282; Yost's Report, 17 Pa. 524; Kensington v. Wood, 10 Pa. 93; Strasburg Bor. v. Bachman, 21 W. N. 462; Lewis on Em. Dom., § 452.

*Mr. J. P. Miller*, for the defendants :

The court will not take original jurisdiction of this case, unless urgent necessity for so doing is shown : Wheeler v. Philadelphia, 77 Pa. 345. The inference from the language of that part of the bill which states the reason urged for this course, is that it is doubtful whether the borough will be able to pay the damages that may be awarded the plaintiffs for the construction of the sewer and outlet upon their land. Securing the payment of damages by individual sureties of unquestioned financial ability, is a complete answer to any such allegation. The damages being fully secured, what necessity is there for any proceeding out of the ordinary course? Upon the constitutional questions see : (1) Millvale Bor. v. Railway Co., 131 Pa. 1; (2) Blydenstein v. Haseltine, 140 Pa. 120; (3) Dorsey's App., 72 Pa. 192; Sewickley Bor. v. Sholes, 118 Pa. 165; Penna. R. Co. v. Duncan, 111 Pa. 353; Rees's App., 11 Cent. R. 141.

PER CURIAM :

The bill in equity in this case was filed originally in the Supreme Court; and upon its presentation to our Brother CLARK at chambers, he granted a rule upon the defendants to show cause why this court should not take jurisdiction of the case, and why leave should not be given to move for a special injunction against the defendants, as prayed for, returnable before the court in banc on the first Monday of October, 1891. The rule was heard upon the return-day.

While it may be conceded, under the case of Wheeler v. Philadelphia, 77 Pa. 344, that we have the power to take jurisdiction of such a case, it by no means follows that it is our duty to do so. Our appellate jurisdiction is more than sufficient to occupy our time ; and it is only in extreme cases, which are not only important in their character but where a special reason is shown why we should take jurisdiction, that we consent to do so. Indeed, since the organization of the court under the present constitution, we have taken such jurisdiction in but two cases, and those under exceptional circumstances. In the present case, no such condition of things has been shown, nor is any good reason apparent why it could not have been disposed of in the Common Pleas of Washington county.

An examination of the bill shows that it was filed to restrain the defendants from constructing a sewer so as to empty the sewage upon complainants' land. It is further averred that the act of May 15, 1889, under which the borough claims this right, is unconstitutional, and the ninth paragraph of said bill sets forth :

" That, the Court of Common Pleas having decided, in a similar case, said act constitutional, for your orators to be compelled to seek such relief through the appellate jurisdiction of the Supreme Court, would be productive of great and harmful delay, as your orators are further informed and believe the credit of the borough of Washington, Pa., is uncertain."

There are but two points suggested here, viz., the delay, and the uncertainty of the credit of the borough of Washington. In the absence of a more specific allegation, we may assume that the borough of Washington will be fully able to compensate the plaintiffs for any damages they may sustain. As regards the alleged delay, we have only to say that this rule was granted on July 7, 1891. Had this bill been filed in the court below on that day, we see no reason why we could not have heard the cause upon appeal on the same day we heard the rule. We see nothing in the case to require us to take original jurisdiction.

Rule discharged.