## H. DeWALT ET AL. v. W. BARTLEY ET AL. (1)

PETITION BY PLAINTIFFS TO HAVE ORIGINAL JURISDICTION TAKEN BY THE SUPREME COURT OF A BILL FOR AN INJUNCTION.

Filed January 28, 1892—Refused February 1, 1892.
[To be reported.] *

1. Under § 3, article V. of the constitution, limiting the original jurisdiction of the Supreme Court, in cases of injunction, to cases where a corporation is defendant, said court has no original jurisdiction of a bill to restrain county officers from carrying into execution the ballot act of June 19, 1891, P. L. 349.
2. Nor, would the naming of the county as one of the defendants have given said court original jurisdiction of a bill for an injunction to restrain the exercise of the functions imposed upon county officers by said act of 1891, on the ground that it is unconstitutional and void, the county not being a proper party thereto.
3. Moreover, after the lapse of a sufficient time from the passage of said act, to have had the cause decided by the Common Pleas and brought up by appeal, such bill should not be entertained by the Supreme Court merely because of its public importance and to avoid further delay: Clark v. Washington Bor., 145 Pa. 566.

Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

No. 000 January Term 1892, Sup. Ct.

On January 28, 1892, Hiram DeWalt and others filed a pe-

---

* See DeWalt v. Bartley (2), post, 529.

tition praying the Supreme Court for leave to file in that court a bill in equity, a copy of which accompanied the petition, and to move for an injunction against the defendants named in the bill, upon the grounds therein set forth.

The bill referred to named as defendants William Bartley, Theodore B. Stulb and J. P. J. Sensenderfer, commissioners of Philadelphia county, and Thomas M. Thompson, controller, and George D. McCreary, treasurer of said county. Its averments and prayers for relief, the latter of which are copied in full in the opinion of the Supreme Court, infra, were identical with those of the bill afterwards filed in the Court of Common Pleas No. 2. of Philadelphia county, set out in the report of DeWalt v. Bartley, post, 529; its purpose being, in brief, to have the ballot act of June 19, 1891, P. L. 349, declared unconstitutional, and the defendants restrained by injunction from expending any money of the said county in putting the act into execution.

The reasons assigned for making the application were stated in the petition as follows :

"Your petitioners pray for this special allowance, not only on account of the act, which it is suggested is in conflict with our constitution, but because of its public character, so vitally affecting the right of every voter in the commonwealth; and because, if resort were first made to the lower court, the case could not be reached here in time to prevent the mischief sought to be restrained, in consequence of the delay incident to bringing the case here through the appellate channel.

"And your petitioners, we trust, may be pardoned for suggesting that this case is exceptionally distinguished from the case of Clark v. Washington Bor., decided October 5, 1891, [145 Pa. 566,] which was founded on a bill of a private nature and of no public importance whatever; while this application, involving considerations of great public interest, may be said to be more analogous to the cases of Kerr v. Trego, 47 Pa. 292, and Wheeler v. Philadelphia, 77 Pa. 338."

*Mr. Amos Briggs*, for the petitioners.

PER CURIAM:
Application has been made to us for permission to file the

Opinion of the Court.

above bill in this court, and to take original jurisdiction of the case. The prayers for relief in the said bill are as follows :

" 1. That the act of assembly, approved on June 19, 1891, entitled " An Act to regulate the nomination and election of public officers; requiring certain expenses, incident thereto, to be paid by the several counties, and certain other expenses to be paid by the commonwealth, and punishing certain offences in regard to certain electors," is unconstitutional, and therefore void; or,

" 2. That so much thereof is null and void as your Honorable Court shall adjudge to be in conflict with the constitution.

" 3. That William Bartley, Theodore B. Stulb and J. P. J. Sensenderfer, the commissioners of Philadelphia county, be enjoined and restrained from incurring any expense in the execution of said act, to be paid by the treasurer of said county.

" 4. That the said Thomas M. Thompson, the controller for Philadelphia county, be enjoined and restrained from countersigning any warrant on the treasurer of said county, for the payment of such expenses.

" 5. That the said George D. McCreary, the treasurer of Philadelphia county, be enjoined and restrained from honoring or paying any warrant, so drawn and countersigned, for such expenses.

" 6. Such other relief as your Honors deem equitable in the premises."

We are asked to take jurisdiction in this case " because of its public character, so vitally affecting every voter in the commonwealth ; and because, if resort were first made in the lower court, the case could not be reached here in time to prevent the mischiefs sought to be restrained, in consequence of the delay incident to bringing the case here through the appellate channel." It was urged that this case is distinguishable from that of Clark v. Washington Bor., 145 Pa. 566, and that it is more analogous to the cases of Kerr v. Trego, 47 Pa. 292, and Wheeler v. Philadelphia, 77 Pa. 338.

In regard to the first proposition, it is sufficient to say, that there has been plenty of time since the said act of 1891 was passed, to have had this case decided in one of the courts of Common Pleas of Philadelphia county, and brought here on appeal from that court. The application is made to us just on

the eve of the spring election, when there is barely sufficient time to hear and decide the case. It comes directly within the decision of Clark v. Washington Borough, supra, while the other cases cited by the petitioners do not apply. Kerr v. Trego was decided before the adoption of the present constitution, while in Wheeler v. Philadelphia the bill was filed against the city.

Section 3 of article V. of the constitution, defines the original jurisdiction of this court as follows:

" They shall have original jurisdiction in cases of injunction where a corporation is a party defendant, of habeas corpus, of mandamus to courts of inferior jurisdiction, and of quo warranto as to all officers of the commonwealth whose jurisdiction extends over the state, but shall not exercise any other original jurisdiction."

It will thus be seen that our original jurisdiction in cases of injunction is limited to cases where a corporation is a party defendant. There is no corporation a party defendant in this case. It is filed against certain officials of said city and county, but not against the municipality itself. Nor could it have been filed against such municipality, as it has no control over the subject, nor over the officers referred to in the exercise of their functions under the act of 1891.

As we have no jurisdiction in the case, it requires no argument to show that we should not allow this bill to be filed.

The prayer of the petitioners is denied.