White et al. *v.* Chester Municipal Authority et al., Appellants.

Argued January 7, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused April 10, 1944.

*James L. Rankin,* of *Geary & Rankin,* with him *Joseph D. Calhoun,* for plaintiffs, appellants No. 35, appellees Nos. 32 and 33.

*J. H. Ward Hinkson,* for appellants, defendants, John J. McClure and William C. Purdy.

*Ellwood J. Turner,* for appellee, Chester Municipal Authority.

*Harrold R. Gill,* for appellees, defendants, city officials.

*Thomas D. McBride,* with him *Mervyn R. Turk,* for appellees, defendants, McNear & Co.

*Edward H. P. Fronefield,* of *Lutz, Reeser & Fronefield,* with him *Cornelius C. O'Brien,* for appellee, defendant, John P. Connelly.

*Frank I. Ginsburg,* for appellee, defendant, Thomas A. Curran.

*Theodore Smithers,* for appellee, defendant, John V. Diggins.

*Thomas Burns Drum, Ballard, Spahr, Andrews & Ingersoll, George T. Butler* and *Butler & Beatty,* for appellee, Land Title Bank & Trust.

PER CURIAM, March 20, 1944:

This was a taxpayer's bill, filed March 27, 1941, to set aside transactions by which Chester Municipal Authority, on December 8, 1939, acquired the water works, etc., which since then have supplied water to the City of Chester. The bill charged that defendants conspired to defraud the city into paying an excessive price for the property. Responsive answers were filed. A long trial followed. The learned chancellor, President Judge SHULL,[1] after an extended examination of the evidence, found that there was no conspiracy to defraud. The finding, affirmed in banc, is amply supported by evidence

---

[1] On January 3, 1941, we assigned President Judge SHULL of the 43rd Judicial District to preside over a grand jury investigation of charges concerning the subject and to try resulting cases. Before the trial of this case he presided in the Quarter Sessions over the trials of indictments charging defendants with conspiracy to defraud in which the jury returned verdicts of not guilty.

and must therefore be accepted by this court: *Belmont Laboratories Inc. v. Heist,* 300 Pa. 542, 546. As plaintiffs failed to prove the charge on which their claim for equitable relief was based, it became necessary to dismiss the bill. Instead of dismissing it as to all defendants, it was dismissed as to all but two, McClure and Purdy. Plaintiffs appealed at No. 35, and complain that the bill was dismissed as to some of defendants; McClure and Purdy, in their appeals at Nos. 32 and 33, complain of the decree against them.

It is unnecessary now to state the pleadings and evidence at length, or to discuss in detail the questions raised below and in this court; the case was adequately dealt with in the chancellor's exhaustive adjudication which is on file in the court below at No. 325, March Term, 1941, where it may be examined by anyone interested in the details of the case. As the conspiracy charged was not proved, we must all agree that the record supports the decree dismissing the bill.

We also agree that there was error in not dismissing the bill as to the other two defendants. Purdy was McClure's partner and shared in the commission. The decree against them is not supported by the evidence and appears to have been based on a matter not made ground for relief in the bill: Compare *Luther v. Luther,* 216 Pa. 1, 9, 64 A. 868; *King v. York Trust Co.,* 278 Pa. 141, 146, 122 A. 227. The learned chancellor stated that the question was a "novel one—one on which a most diligent search has failed to disclose a precedent in the least akin to it." He said that it was matter of common knowledge that McClure was a "political boss" and was of opinion that "the relationship between a political boss and one elected by him to public office is well within the legal status of confidential relation." It has been said that "opportunity is not evidence and conjecture and suspicion do not take the place of testimony." *Rosenthal's Estate,* 339 Pa. 488, 496, 15 A. 2d 370. Confidential relationship depends on evidence: *Lochinger v.*

*Hanlon,* 348 Pa. 29, 33 A. 2d 1; *McCown v. Fraser,* 327 Pa. 561, 192 A. 674; *Leedom v. Palmer,* 274 Pa. 22, 117 A. 410; *Harrison v. Welsh,* 295 Pa. 501, 145 A. 507; *Null's Estate,* 302 Pa. 64, 69, 153 A. 137. If the evidence establishes the relation, certain consequences may result, the most important being that the dominant or superior party, when challenged, must prove the fairness of the transaction said to have resulted from the exercise of undue influence. *McCown v. Fraser,* 327 Pa. 561, 192 A. 674; *Null's Estate,* 302 Pa. 64, 153 A. 137. There is no evidence that McClure influenced the officials of Chester or the Chester Municipal Authority into acquiring the property. The 115th Finding of Fact is: "There was no collusion between any of the Chester officials and any other defendant in this matter." Compare *Graeff v. Felix,* 200 Pa. 137, 49 A. 758. The officials were called for cross-examination and denied that they were influenced in any way by McClure; they testified that they had no knowledge that he was to receive the commission which the decree ordered appellants to pay to the Authority, and that they first heard of it nearly a year after the transaction was closed. The plaintiffs did not contradict that evidence and therefore were bound by it. *Readshaw v. Montgomery,* 313 Pa. 206, 209, 169 A. 135. The evidence will not support a finding that a confidential relation existed and, we must add, if such a relation be assumed to have existed, the evidence shows that no undue influence was exercised. The question was entirely one of law. Our conclusion is not to be understood as approving the morals of the challenged transaction.

No. 35. Decree affirmed, each party to pay its own costs.

Nos. 32 and 33. Decree reversed, bill dismissed, each party to pay its own costs.