# Kane *v.* Morrison, Secretary of Commonwealth et al.

Argued August 31, 1945. Before MAXEY, C. J., DREW, LINN, PATTERSON and JONES, JJ.

*Joseph Sharfsin* and *Louis F. McCabe,* for petitioner.

*William M. Rutter,* Deputy Attorney General, for Commonwealth.

OPINION BY MR. CHIEF JUSTICE MAXEY, September 24, 1945:

We are asked to take original jurisdiction in this case and to issue an injunction restraining the Secre-

tary of the Commonwealth, the Treasurer of the Commonwealth, and the Telegraph Press of Harrisburg, "from ordering or directing the printing of the ballots for the election to be held in this commonwealth on November 6, 1945, if they [the ballots] contain the names of the American Labor Party and any of its alleged candidates".

The plaintiff alleges that the nomination papers purporting to be of the American Labor Party and presenting John C. Arnold and W. Heber Dithrich as that party's candidates for the positions of Judges of the Superior Court of Pennsylvania were fraudulently executed in that at least fifty per cent of the alleged signers thereof did not sign their names thereto and that the affidavits required by law to be appended to such papers are false and fraudulent.

The Election Code as amended by the Act of July 28, 1941, 25 P. S. sec. 2936 (Pocket Part), provides a complete and adequate remedy available to any one who objects for any valid reason to any nominating petition filed by any persons or to nominations for public office of any persons under any party designation and who prays that the nomination petition or paper be set aside. Petitions filed in the Court of Common Pleas of Dauphin County within seven days after the last day for filing the nomination papers now challenged, specifically setting forth the objections thereto and praying that those petitions be set aside and complying otherwise with the applicable act, would have brought the question of the validity of these papers squarely before the court for appropriate judicial action.

A court of equity is not a forum which may be resorted to by those who fail to avail themselves of the remedies provided by law for the vindication of rights which they allege have been violated. Since the establishment of courts of equity in this Commonwealth, resort to a court of equity has been uniformly and consistently denied to those who neglect to invoke an adequate statutory remedy.

The rule that equity will not grant relief where on the case stated there is a plain, adequate and complete remedy at law has been consistently adhered to and frequently reiterated. Where a remedy is provided at law it must be strictly pursued: *Williamsport v. Citizens' Water and Gas Company*, 232 Pa. 232; *United Drug Co. v. Kovacs*, 279 Pa. 132. It follows that the doors of a court of equity which would be closed to a vigilant litigant because he has a statutory remedy do not open to him upon his showing that he has ignored that remedy.

The conclusion that this plaintiff has no standing to challenge in a court of equity the validity of these nominations is supported both by the long established principles governing the procedure in equity and also by the language of the Act of March 21, 1806, sec. 13, 4 Sm. L. 326, 46 P. S. §156;[1] *Arna's Appeal*, 65 Pa. 72; *Ermine v. Frankel*, 322 Pa. 70, 185 A. 269.

This plaintiff is not entitled to the interposition of a court of equity and, besides, this is not a proper case for this court to assume original jurisdiction under sec. 3 of Art. 5 of the Constitution, which provides, inter alia, that the Supreme Court "shall have original jurisdiction in cases of injunction where a corporation is a party defendant". Such original jurisdiction is limited to cases where a corporation is properly a party defendant: *De Walt v. Bartley*, 146 Pa. 525, 23 A. 448. There is nothing alleged in this bill which makes the Telegraph Press a proper party defendant. As to this defendant the bill merely avers that it "carries on a printing business in the city of Harrisburg" and that unless this court "enjoin the defendants the said Secretary of

---

[1] "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

the Commonwealth will transmit to the County Board of Election of each county . . . an official listing certified by him for inclusion of the official ballots, of all of the candidates who are alleged to have been nominated by the said fictitious American Labor Party . . . and the said Telegraph Press will print said ballots, thus dissipating and illegally expending the monies of the Commonwealth of Pennsylvania". This allegation falls far short of making this corporation a proper party defendant.

The petition is dismissed at the cost of plaintiff.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

I concur in the denial of the complainant's petition for an exercise of original jurisdiction in the instant case.

As the opinion for the Court points out, the petitioner had a full, adequate and complete remedy at law for testing the alleged forged or fictitious signatures to the nominating papers in question. Such being the case, equity was manifestly without jurisdiction of that matter.

However, it is my opinion that equity has jurisdiction to restrain an election official from accrediting and acting upon nominating petitions or papers which, on their face, are in palpable violation of the law in an uncorrectable manner. The affidavits of the candidates named in the papers here involved are in direct conflict with an express requirement of the pertinent statutory law but, being true to the facts, are incapable of material amendment. It is unnecessary to say more in that regard at present. (See dissenting opinion in *Thompson v. Morrison, Secretary of the Commonwealth,* p. 616 infra).

But even if equity has jurisdiction in the particular above indicated, as I think it has, that did not warrant

this Court's exercise of original jurisdiction in the circumstances. The very same legal question had been thoroughly litigated in the Court of Common Pleas of Dauphin County from whose decrees appeals were promptly taken and argued in this Court at the time the present complainant's petition for original jurisdiction was heard. There can be no occasion for an exercise of original jurisdiction by this Court when the matter in controversy is already here on an appeal duly taken which is ripe for submission and decision.

The petition for original jurisdiction did not, therefore, appropriately lie. It is unnecessary to consider or decide whether the complainant averred as a necessary party defendant a corporation which is essential, under the Constitution, to this Court's original jurisdiction.