Gallagher, Appellant, *v*. Merry.

Argued November 27, 1950.   Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Morris Wolf*, with him *Francis T. Anderson, Gray, Anderson, Schaffer & Rome* and *Wolf, Block, Schorr & Solis-Cohen*, for appellant.

*Thomas B. K. Ringe*, with him *J. Wesley Oler, Martin P. Snyder* and *Morgan, Lewis & Bockius*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 2, 1951:

The appeal is from a decree in equity sustaining preliminary objections to plaintiff's amended bill of complaint, and the entry of a final decree in favor of defendants.

James Gallagher, the plaintiff, in a crudely drawn amended bill in equity, avers that he was the sole and absolute owner of all the capital stock of two named corporations and that his son-in-law, Walter J. Merry, occupying a confidential relation, fraudulently induced

him to transfer all of his stock holdings to his son-in-law, a daughter and granddaughter (wife and child of the son-in-law) and to another granddaughter. To the bill are attached copies of the documents which are charged to have been fraudulently secured.

In sustaining preliminary objections to the bill and entering a final decree in favor of defendants, the court below relied upon (a) failure of plaintiff to attach copies of stock certificates in question (b) prayer for an accounting was insufficiently averred (c) failure to offer to restore *status quo* (d) the absence of adequate averment of confidential relationship or undue influence and failure to charge reliance upon the misrepresentation if made (e) no amplification of the nature of the confidential relationship charged (f) laches.

As counsel for plaintiff was given ample opportunity to amend the amended bill, and did not or considered that he could not do so, we will not permit plaintiff to amend further. Plaintiff must rely upon the record as now presented.

Equity Rule 34 requires that "Every bill shall contain, in a concise and summary form, a statement of the facts on which plaintiff relies. . . ." Citation of authority is unnecessary to support the requirement that allegations must be certain and specific in order that defendant may be distinctly informed of the nature of the claim made against him and of what he is called upon to answer.

Defendants' preliminary objections to plaintiff's amended bill are based principally upon Equity Rule 48 (5), reading: "that the facts are so insufficiently averred . . . that it is impossible for defendants to make an adequate answer to plaintiff's claim. . . ."

We do not agree with the learned court below that there was an insufficient allegation of confidential relationship between plaintiff and the defendant son-in-law. It is averred that plaintiff was the sole owner

of all the stock in both business corporations. The companies were, therefore, "close" corporations. Plaintiff did business in this form. It is averred that while plaintiff was serving in the United States Congress the business was conducted by the defendant son-in-law, first in conjunction with plaintiff's son, and after the son's death exclusively by defendant. The averment is made that following the death of the son (before the transfer) "plaintiff was in a state of profound shock and incapable of dealing with business affairs." Plaintiff further avers that his signatures to the stock transfers and the other documents were secured through the fraud and misrepresentations of defendant and were signed by plaintiff in reliance upon the advice and information of the defendant in whom, because of the confidential relationship, plaintiff had reposed special trust and confidence. While the bill could have been more accurately and skilfully drawn, we regard the averments sufficient for defendants to know and answer the charges made against them.

It is more desirable, when fraud is charged, to pass upon the merits of the cases rather than to rely upon technicalities of pleading. As was said by Justice KEPHART (later Chief Justice) in *Custis v. Serrill et al.,* 303 Pa. 267, 272, 154 A. 487: "Where a motion to dismiss a bill for insufficient pleadings is made and it is not clear whether they are objectionable on that account, but, because of the nature of the action, a broad inquiry into the facts should be made, the court should refuse to dismiss the bill in such doubtful cases and proceed to a full hearing. See Griffith v. Sitgreaves, 81*Pa. 378. The court below should have proceeded to a hearing. Appellee's rights will be fully protected there."

Decree reversed, with a *procedendo.* Costs to abide the event.