## Hare v. School District of Olyphant Borough

Before Hoban, P. J., Eagen and Robinson, JJ.

*O'Malley, Harris, Harris & Warren,* for plaintiff.

*Leach & Lenahan,* for defendants.

ROBINSON, J., April 25, 1952.—These are preliminary objections to a bill in equity.

Plaintiff seeks to enjoin the Olyphant School District and the officers and directors from exonerating certain owners of real estate in that borough from the payment of real estate taxes assessed and levied against their properties for the fiscal school year of 1951-52. The bill was brought by plaintiff as a taxpayer on his own behalf and all other taxpayers and on behalf of the school district. The borough tax collector was also named a party defendant.

The pleading alleges that the Olyphant School District is a school district of the third class; that it furnished the borough tax collector with a warrant and duplicate for the collection of taxes levied by the district for the fiscal year of 1951-52, and that thereafter the school district granted exonerations of the real estate tax levied on seated lands to certain taxpayers in the borough.

Plaintiff alleges that the district granted partial and entire exonerations to 307 owners of real estate, involving a loss to the district of tax revenue amounting to $7,896.34. . The complaint avers that the exonerations of taxes levied on seated lands are illegal, void and contrary to law.

The bill prays that defendants be enjoined and restrained from granting further exonerations; that the borough tax collector be restrained from taking credit therefor; that the exonerations heretofore granted for 1951-52 be declared null and void, and that the tax collector be enjoined and restrained from entering the items of exonerations in the settlement of his duplicate.

The preliminary objections aver that there is a full, complete and adequate remedy in the audit, surcharge and judgment provisions of the Public School Code of March 10, 1949, P. L. 30, sec. 2431 et seq., 24 PS §24-2431, et seq.; that the statutory remedy is exclusive (Act of March 21, 1806, P. L. 558, 46 PS §156); that equity is without jurisdiction to enjoin defendants; that the complaint does not allege arbitrary, capricious or fraudulent acts by the school directors; that the particular sections of the statutes and Constitution of Pennsylvania alleged to be violated are not pleaded, and that the bill is multifarious because of misjoinder of causes of action.

The objections will be overruled. It is fundamental, of course, that equity will not grant relief where on the case stated there is a plain, adequate and complete remedy at law and particularly so where there is an adequate remedy provided by the legislature: Kane v. Morrison, Secretary of Commonwealth, et al.; 352 Pa. 611; Thompson v. Morrison, Secretary of Commonwealth, 352 Pa. 616. Where there is an adequate remedy provided by the very statute alleged to have

been violated it must be pursued and equitable relief is not available to those who neglect to invoke it.

However, we do not agree that a remedy adequate to correct the mischief complained of is furnished by the provisions for audit, appeal and surcharge in connection with public school finances set forth in sections 2431, 2432, 2451, 2452, 2454 and 2455 of the School Code of March 10, 1949, P. L. 30, art. XXIV, 24 PS §24-2432 et seq. The audit of school district finances provided for in the legislation concerns only the accounts of the preceding fiscal year. Here the complaint involves alleged illegalities and improprieties in the collection of levied taxes for the current fiscal year of 1951-52. No remedy is afforded by the School Code to deal with such a situation prior to the close of the fiscal year. It is idle to say that the aggrieved taxpayer must wait, while the school district is being deprived of substantial tax revenue, and then after an audit assume the onus of recovering from the culpable directors by way of surcharge. A chancellor will consider an application designed to curb the mischief as it arises.

Equity will restrain the directors of a school district where they are engaged, arbitrarily and with knowledge, in conduct that is in waste of the district's assets, and such restraint is not a substitution of judgment but a declaration that the officers have failed in the performance of their public duty: McLaughlin et al., v. Lansford Borough School District et al., 335 Pa. 17. The problem here does not require a substitution of court judgment for that of the board or involve "abuse of discretion" or "arbitrary, capricious or fraudulent" actions on the part of the school directors. Such allegations are not required in the pleading. We are concerned only whether the alleged exonerations are unlawful. Equity will intervene to restrain the acts of the school board which are contrary to positive law

or amount to bad faith or constitute a violation of a public duty. See Downing v. Erie City School District et al., 360 Pa. 29; Wilson et ux. v. Philadelphia School District et al., 328 Pa. 225. Plaintiff's bill, in our opinion, states a case for equity's jurisdiction.

The power to tax is peculiarly a power of the legislature. It must be exercised through the chosen representatives of the people and in some instances it has been delegated to and exercised by smaller units of government such as school boards chosen by the people: Wilson et ux. v. Philadelphia School District et al., supra.

The legislature has conferred upon school districts the power to levy and collect taxes for school purposes. This power is presently delegated to school districts by section 602 of the Public School Code, 24 PS §6-602. The authority is not unlimited, however, and the provisions of the taxing sections of the code must be strictly adhered to. Section 603 of the code provides:

"There shall be but one levy of school taxes made in each school district in each year, which shall be *assessed, levied and collected* for all the purposes provided in this act, and *shall be uniform* throughout the territorial limit of each school district."

The requirement of uniformity is in accord with the Constitution of Pennsylvania, art. IX, sec. 1. In the taxing provision of the School Code it applies to the assessment, levy and collection of taxes levied for the purposes provided in the code. It is the "positive law" which defendant directors have violated in the granting of the alleged exonerations. There is no uniformity to a system of levying and collecting taxes which levies generally on the owners of real estate in a municipality but excuses a favored class from the payment of the tax obligation.

We are of the opinion that defendants are called upon to answer the allegations of plaintiff's bill.

Now, April 25, 1952, the preliminary objections to the bill of complaint are overruled and defendants are allowed 15 days to file an answer.