## Janosik v. Upper Darby Township

*James L. Rankin* and *John H. Clark, Jr.*, for plaintiffs.

*Guy G. deFuria, Albert Blumberg, James Francis Lawler, Raymond E. Larson, Lester J. Schaffer* and *Charles F. Mayer,* for defendants.

SWENEY, P. J.; July 9, 1958.—This matter is before the court en banc upon preliminary objections. The bill herein filed is a taxpayers' bill, alleging that the Commissioners of Upper Darby Township, certain officers of the township and other persons conspired to lease ground for incinerator purposes at a price which was exorbitant, that publicity made them cancel the arrangement and that as a consequence, the taxpayers of the township were penalized by extra costs arising from the failure of the municipal body to act in the interests of the people.

The problem of trash and garbage is a most important one in the County of Delaware. Huge sums of money will be involved, consequent increases in taxes must result and the interest and concern of our citizens is to be expected. Careful planning and full disclosure of details is most necessary.

The relief requested by plaintiffs is:

a. Nullification of the Ordinance No. 1356, adopted December 27, 1957, giving the commissioners the right to lease 24 acres of land in Darby Township.

b. A restraining order against the commissioners and others involved to prevent them from proceeding with the lease agreement.

d. Restraining Upper Darby Township authorities from entering into any agreement or arrangement with Darby Township concerning the use of the tract in Darby Township for disposal purposes.

Since the filing of plaintiffs' original complaint, the Upper Darby Commissioners repealed Ordinance No. 1356 and the owners or supposed owners of the land have withdrawn the offer of lease. These questions are, therefore, moot.

This leaves for consideration the following requests for relief:

"c. That the said eleven Commissioners and former Commissioner Kaestner who approved Ordinance No. 1356, and also the said Dickey, Heller, Rosenberg and Ostroff be compelled to pay into the treasury of the said Township of Upper Darby all moneys paid for advertising of said ordinance and any repeal ordinance, and for wages and other expenditures made necessary by reason of the agreement with the Delaware County Incinerator Authority or because of the long hauls to Chester Township to the extent that such payments are in excess of what the cost to the said Township of Upper Darby would have been had the said eleven Commissioners and the said Kaestner performed the duties of their office with fidelity."

"d. That the said Township and its Commissioners shall be restrained from paying to the said Delaware County Incinerator Authority for the dumping of ashes and rubbish in said Chester Township in excess of a fair sum which should not exceed $2.00 per ton."

Preliminary objections have been filed by the township commissioners, by Samuel R. Dickey, by Isidor Ostroff and by Edward Heller and Max A. Rosenberg. We will consider each set of objections separately.

As far as preliminary objections to the original ordinance and the lease agreement which was to grow out of it, since these questions are moot, the preliminary objections will be sustained.

All defense counsel argue that the remaining requests for relief are questions of surcharge and that the remedy should be at law. With this argument, we cannot agree. There are other defendants here beside township commissioners; should the evidence disclose undue influence, there might be liability imposed upon

such persons; they would not be subject to surcharge, since they are not elected officers.

In this case, plaintiffs seek to charge defendants with all amounts paid over $2 per ton, as well as extra costs for equipment and wages, made necessary by the alleged failure of the commissioners to perform.

Paragraph 37(c) of plaintiffs' amended complaint avers:

"As a part of said arrangements, the said Township of Upper Darby has agreed to pay to the said Authority a sum not to exceed $3.25 per ton."

Paragraph 38 further avers:

"The sum of $3.25 per ton is a very excessive price to pay for dumping ashes and rubbish upon said Chester Township site, particularly in view of the fact that as yet no incinerator has been constructed at said location."

Paragraph 39 avers:

"A fair price for dumping ashes and rubbish at said Chester Township site is less than $2.00 per ton."

Accepting the foregoing allegations as true, plaintiffs should not have to sit by and have public funds wasted, and wait for an auditor's report before taking steps to remedy excessive expenditures. In the instant case the circumstances surrounding the problem of trash disposal in Upper Darby Township have become so confused and distorted, the court would be remiss if it did extend the powerful arm of equity to assure the taxpayers of the township that their commissioners are paying a fair and reasonable sum of money for trash disposal.

Defendant, Samuel R. Dickey, seeks the dismissal of the bill as to him, averring that the amended bill fails to set forth a cause of action against him, that the amended bill fails to disclose reasons for relief and because defendant Dickey has been improperly joined

as a party defendant; in addition, it is requested that he be stricken as a defendant because the averments as to him are scandalous and impertinent, are mere conclusions unsupported by allegations of fact and because certain defendants have been joined in the amended bill without leave of court. In considering the first five preliminary objections advanced by defendant Dickey, we call attention to the very thorough and able opinion of Shull, P. J., in White v. Chester Municipal Authority, 5 Monroe L. J. 78, and the appellate decision in the same case, reported in 349 Pa. 118 (1944). In the lower court decision, the political boss was held to be within the legal status of confidential relationship with one elected by him to public office. Apparently the court record did not show proof of such relationship, and the decision of the learned jurist was based on what was common knowledge, rather than what the record disclosed. Our Supreme Court stated at page 121:

"It has been said that 'opportunity is not evidence and conjecture and suspicion do not take the place of testimony.' Rosenthal's Estate, 339 Pa. 488, 496, 15 A. 2d 370. Confidential relationship depends on evidence: (Cases cited). If the evidence establishes the relation, certain consequences may result, the most important being that the dominant or superior party, when challenged, must prove the fairness of the transaction said to have resulted from the exercise of undue influence."

We think that in view of the allegations in the bill of the close relationship of the so-called "political leader" to the township commissioners, his joinder in this taxpayers' suit was not improper. Further, whether there is a cause of action against him is a matter of proof at trial. While no equitable relief is sought against him, and the only claim is for money

damages, once equity has assumed jurisdiction of the cause it may deal with every facet of the action. Accordingly, defendant Dickey's first five preliminary objections must be dismissed.

Defendant Dickey seeks to have the amended complaint stricken for the reason that plaintiffs have improperly named in the amended complaint as parties defendant certain parties who were not named in the original complaint, and this was done without leave of court. An examination of the original complaint shows that it did not contain Paul C. Kaestner, Thomas Waters and Delaware County Incinerator Authority as defendants.

Rule 2232(c) of the Pennsylvania Rules of Civil Procedure provides: "At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined. . . ."

In the instant case, plaintiffs filed a motion for leave to file an amended complaint, and therein requested the court to grant them leave to "file an amendment complaint, including naming of additional defendants at any time prior to March 25, 1958." Plaintiffs also prepared an order to that effect. The court granted plaintiffs leave to file an amended complaint, but the phrase "including naming of additional defendants" was stricken from the order by the court. Accordingly, plaintiffs had no right to join the additional defendants above named in the manner in which they did.

Under Pa. R. C. P. 2229(b) : "A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law affecting

the liabilities of all such persons will arise in the action."

Since none of the three added defendants have raised the question of improper joinder, there is little to be gained by an order from the court at this time ordering that they be dropped, since plaintiff could immediately present an order for their inclusion, which, under Pa. R. C. P. 2229 (*b*), he would have a right to do. We do not approve of plaintiffs' tactics in openly disregarding the order as it was entered. In the interest of a speedy determination of this cause, however, we will allow the inclusion of these additional defendants to stand. The request of defendant Dickey to have the complaint stricken for this reason must be denied.

A separate motion has been filed on behalf of defendant Dickey to drop him as a party defendant. The reasons advanced in support of this motion are the same as those set forth under demurrer in the preliminary objections of defendant Dickey. Our discussion concerning the dismissal of the preliminary objections filed in his behalf is equally applicable here and need not be repeated. Defendant's motion will be denied.

Defendant, Isidor Ostroff, prays the court to dismiss the bill as to him because the bill fails to set forth any equitable cause of action against him and because he has been improperly joined in a taxpayers' bill against a municipality and the public officers thereof.

As far as we can determine, there is no cause of action stated against this defendant for which plaintiffs would be entitled to equitable relief. The allegations of the complaint indicate a conspiracy by defendant Ostroff and others to defraud the Township of Upper Darby. The conspiracy, if there was one and for our purposes here we must so find, was never car-

ried out. The ordinance of the township was nullified and the offer of lease was withdrawn.

The taxpayers' action may properly question the propriety of the action of the township commissioners. If through their improvident action a loss was sustained for which they can be held responsible, that loss must fall upon their shoulders. This defendant cannot be held accountable for agreements or contracts made by the commissioners with the Delaware County Incinerator Authority or any other like agency, which resulted from the commissioners' alleged original folly. This defendant's first objection will be sustained and it will not be necessary to discuss the second objection.

Defendants, Edward Heller and Max A. Rosenberg, request the dismissal of the bill, alleging that the bill shows no cause of action against them and prays for no equitable relief.

These defendants contend that, since the commissioners have nullified the Ordinance No. 1356 and since the owners of the land in Darby Township have withdrawn their offer of lease, there is no cause of action which can be maintained against them.

The argument advanced by these defendants is well taken. Their position is as follows: Taking the averments of the Complaint as verity, the worst that can be said of these defendants is that they, as owners of certain land, attempted to negotiate a lease-purchase agreement with the Township. By reason of certain publicity indicating that the price agreed upon was exorbitant, these defendants withdrew their offer and have ceased to have anything to do with the Township trash proplem . . . These defendants are of the opinion that the lease-purchase agreement was a fair and reasonable solution to the trash problem of the Township. It is clear, however, that they did not and could not participate in any alternative arrangement made

by the Township officials and cannot be held responsible therefor." The preliminary objections of defendants Heller and Rosenberg must be sustained.

Finally, we will discuss briefly the standing of township commissioners, Thomas Loftus, Thomas Waters, Luke P. J. Gillespie and Paul C. Kaestner. In January 1958, Loftus and Waters took the places of Gillespie and Kaestner as township commissioners. Under our theory that no relief can be granted plaintiffs because the lease-agreement for the 25 acres in Darby Township was never consummated but that the bill must be sustained on the allegations that the township was put to additional expense because the board and Dickey failed to act properly, it becomes apparent that all of these four defendants may have a responsibility and we must dismiss their preliminary objections. It is our thought that this action is broader than a proceeding to enjoin the township; past actions, as well as current actions, of the commissioners are under attack; all of the above named parties may or may not figure in some aspects of the case and, for that reason, should remain on the record at this stage of the pleadings.

We see no need for a more specific complaint. As we read the paragraphs of the amended complaint, we feel that they are susceptible to "yes" or "no" or "no knowledge of" answers. Nothing can be gained by further amendment. The final outcome will depend upon the proof which plaintiffs are able to produce.

### Dercee

And now, July 9, 1958, it is ordered and decreed that

1. The preliminary objections of the Township Commissioners of Upper Darby be, and they are hereby, dismissed.

2. The preliminary objections as they apply to James J. Malone, township secretary, be, and they are hereby, dismissed.

3. The preliminary objections of defendant, Samuel R. Dickey, be, and they are hereby, dismissed.

4. The preliminary objections of defendants, Edward Heller, Max A. Rosenberg, Isidor Ostroff and Delaware Salvage Corporation, be and they are hereby, sustained and judgment is hereby entered in their favor.

5. Each party is to pay his or her or its own costs at this stage of the proceeding.

6. An exception is noted for all parties to protect them on this record.