## Mistick *v.* Cammack.

Argued October 5, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and MCBRIDE, JJ.

*Warren S. Reding,* with him *Reding, Blackstone, Phillips & Sell,* for plaintiff.

*Gustav W. Wilde,* with him *Paul G. Perry, Aaron Cohen,* and *Charles D. McCarthy,* and *Burgwin, Ruffin, Perry & Pohl,* for Monroeville Water Authority, defendant.

*Gilbert J. Helwig,* with him *P. K. Motheral, Carl E. Glock,* and *Reed, Smith, Shaw & McClay,* for defendants.

*Thomas N. Griggs,* with him *William A. Blair,* and *Griggs, Moreland, Blair & Douglass,* for defendant.

Opinion by Mr. Justice McBride, October 9, 1959:

This action in equity was instituted by Daniel T. Mistick against the Monroeville Water Authority and its board of directors, Pride Engineering Associates, Inc., A. E. Masten and Co., Massachusetts Mutual Life Insurance Co. and Mellon National Bank and Trust Co. in the Court of Common Pleas of Allegheny County on August 25, 1959. The suit was begun by writ of summons. On August 28, 1959, the Authority appeared and ruled plaintiff to file his complaint. Plaintiff then alleged improper, arbitrary and unreasonable conduct and breach of fiduciary relationship on the part of the Water Authority, its board members, consulting engineer, and financial adviser. On September 24, 1959, the Authority alleging the necessity of speedy final disposition petitioned this Court to take original jurisdiction and at the time of oral argument on the motion, plaintiff joined in the petition. We issued a special certiorari which brought the record here to determine whether the complaint is insufficient and not amendable. Article 5, §3, of the Pennsylvania Constitution expressly grants such power in case of injunction where a corporation is a party defendant, whether it be a private or municipal one. *Wentz v. Philadelphia et al.*, 301 Pa. 261, 151 Atl. 883, *Bruce v. Pittsburgh*, 166 Pa. 152. Permission to so proceed lies within the discretion of the Court, *Clark v. Washington Borough*, 145 Pa. 566, 23 Atl. 333, and will be granted where a municipal corporation is a proper party defendant, *DeWalt v. Bartley*, 146 Pa. 525, 23 Atl. 448, and the necessity for such action is apparent. Thereafter, preliminary objections in the nature of a demurrer were filed by all defendants.

The demurrer, of course, admits every well pleaded material fact set forth in the pleading to which it is addressed as well as inferences reasonably deducible therefrom. *West v. Young*, 332 Pa. 248, 2 A. 2d 745;

*Penna. Co. for Insurance on Lives and Granting Annuities v. Sun Co.*, 290 Pa. 404, 138 Atl. 909. Starting from this basic premise we determine from an examination of the averments of plaintiff's complaint whether he has set forth a valid cause of action, which, if proved, would entitle him to the relief he seeks.

The complaint sets forth specific averments with respect to the conduct of the affairs of the Authority and of the conduct of the board members, their agents and advisers, which, if proved, will show waste, mismanagement or at least ill-conceived or unreasonable plans. Actual fraud is not alleged. The need for expansion of water facilities is not attacked but the method pursued to accomplish such expansion as well as the refinancing method and costs are the subject of complaint.

As to the Water Authority, plaintiff alleges that the construction of new facilities and the issuance of bonds contemplated by them are grossly and greatly in excess of what is needed to improve, modernize, and repair the existing system. It is also alleged that in authorizing the refinancing of the outstanding bonds, a large cost in additional interest was unnecessarily incurred.

As to Pride it is averred that they neglected to produce accurate and reliable figures with respect to the construction costs and financing of the extensions and modernizations of the water system and that they improperly held themselves out to the Authority as properly qualified consulting engineers when, in fact, they were not so qualified within the scope and intendment of the Act of May 23, 1945, P. L. 913, 63 P.S. §148.[1]

---

[1] If this averment that Pride is not a qualified consulting engineer stood alone, the case as to it would fall for Pride has attached documentary proof of legal qualifications to its preliminary objections.

Plaintiff also averred that Pride did not make a proper study of existing conditions in the water system, including a particular named type test which he alleges should have been made.

Masten & Company, the financial advisers to the Water Authority, is alleged to have negotiated a private purchase of the new bonds in violation of the provisions of the Municipal Authorities Act of 1945, May 2, P. L. 382, as amended, 53 P.S. §306.

In addition, the complaint avers facts with sufficient particularity to show breach of a confidential or fiduciary relationship by Masten & Co. and actions or conduct on the part of the Authority and its board which would constitute a breach of the duties imposed on them by statute and law. Masten negotiated "in behalf of the Authority" with Massachusetts Mutual Life Insurance Co., the original bondholders, for the retirement of the original bonds and purchase by themselves of the new ones. The fact that in their agreement with the Authority, Masten & Co. states they are acting as principals and not as "agents, employee or representative of the Authority" is not controlling. It is the fact of the relationship and not this declaration which is determinative of this question. It is explicitly alleged that on August 12, 1959, Masten & Co., the admitted financial advisers of the Authority, offered to purchase the Authority's bonds at a private negotiated price, which offer was accepted on the same day, and a printed prospectus dated August 17, 1959, was distributed. Proof of this relationship does not of itself vitiate the transaction but it does cast a burden on the parties standing in such relationship to show the legal propriety of the transaction. *McCown v. Fraser*, 327 Pa. 561, 192 A. 674; *White v. Chester Municipal Authority*, 349 Pa. 118, 36 A. 2d 455. It follows that these allegations of confidential relation-

ship supported by factual averments coupled with averments of unwarranted increases of both interest payments and rates to users prevent judgment being granted on the pleadings even though actual fraud is not alleged.

The complaint shows nothing from which the defense of laches would prevail. In *West v. Young*, 382 Pa. 248, we held that laches may be raised by preliminary objections but in such case the bill will be dismissed only when laches appears clearly on the face of the complaint. The offer of Masten & Co. to purchase the bonds was accepted by the Authority on August 12, 1959. On August 13, 1959, the Authority executed contracts with the lowest bidders and authorized construction of the project. Until that time, plaintiff would have had no standing to bring any form of action. Thereafter on August 25, 1959, plaintiff commenced his action. These facts show no want of due diligence.

This Court is not prepared to say as a matter of law that the allegations of plaintiff are so inconsistent with or fail to meet the requirements of what must be alleged in a complaint to set forth a cognizable cause of action. This Court is not set up for the judicial investigation required for a proper disposition of the merits of this case, *Gallagher v. Merry*, 366 Pa. 258, 77 A. 2d 379. The legislature has wisely left the problems involved in the regulation and supervision of municipal authorities to the common pleas courts. Justice for all interested parties is not to be sacrificed to unseemly haste.

We intimate no opinion as to the merits of this controversy and have expressly refrained from any statement that might influence the court below in its proper determination of the matters involved herein. Upon remand the trial court must determine the "adequacy, safety and reasonableness" of the Authority's plans for

extension and improvements to the existing facilities in accordance with the supervisory duties imposed on the courts of common pleas by the Municipal Authorities Act of 1945, P. L. 382, §4, as amended 53 P.S. §306.

The preliminary objections are overruled and the matter is remanded to the court below with leave to the defendants to answer to the merits. Thereafter a speedy hearing and prompt disposition of the matter should be had. Amendment may be permitted or directed if such course seems desirable in the discretion of the court below.

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

I would dismiss the complaint on the ground that the plaintiff has been guilty of laches and has thereby lost the right to invoke equity's aid for the redress of his alleged grievances.

The complainant attended meeting after meeting of the Authority Board for the better part of a year preceding the consummation of the contract for the sale of the Authority bonds for the construction of the improvement and knew, or should have known, the questions demanding the Authority's undelayed solution. His complaint notably fails to aver any facts that would support a finding of fraud on the part of the Authority and the underwriter of the bonds. Nor do his averments support a finding that the action of the Authority in the premises was not in the best interest of the municipality which it was organized to serve.

I think it is particularly regrettable that a public improvement of such magnitude and of such undisputed urgency can be stalled through court procedures by a disgruntled complainant on mere generalities and his own conclusions of both fact and law.