### Stein Estate

Before Klein, Adm. J., Bolger, Saylor and Shoyer, JJ.

*H. Robert Fiebach, Wolf, Block, Schorr & Solis-Cohen,* for objectants.

*Alexander Schamban, Robinson & Bernstein,* contra.

KLEIN, Adm. J., July 1, 1970.—A complaint in equity was filed in the Trial Division of this court by Bertram L. Stein and Milton Stein, sons of Joseph S. Stein, who died on February 22, 1969, against Continental Bank and Trust Company, executor of his estate, and Elizabeth Stein, his widow. The complainants requested the court to direct the executor to transfer and set over to them all stock issued by Franklin Provision Company (now known as Pasco Meat Products, Inc.) standing in the name of Joseph S. Stein, the decedent, to give them credit for the value of two-thirds of the shares originally registered in his name and to direct the widow to refund such moneys which are in excess of her interest in her husband's estate by reason of the inclusion of these shares therein.

Preliminary objections were filed by Mr. Fiebach, counsel for defendants, challenging the jurisdiction of the Trial Division, and alleging that plaintiffs failed to allege a claim or cause of action upon which relief could be granted. The objections to the jurisdiction of the Trial Division were sustained by Levin, J., who entered an order on April 30, 1970, directing the prothonotary to transfer the record to the Orphans' Court Division. This was done, whereupon Mr. Fiebach filed preliminary objections in this division, renewing his contention that plaintiffs failed to state a valid cause of action.

We have studied the record carefully and conclude that plaintiffs have failed to set forth a cause of action in the complaint in its present form which entitles them to relief. Mr. Schamban, plaintiff's counsel, frankly admitted this at the argument before the court en banc and requested permission to file an amended complaint.

In Schmitz Trust, 3 D. & C. 2d 185, 187 (1955) we said:

"We repeat what we said in Diamandas Estate, 73 D. & C. 334 (1950):

" 'We have often expressed reluctances to dispose of litigation upon preliminary objections, as experience has convinced us that the ends of justice are best served when the parties are given full opportunity to present the complete factual situation to the court: Rodgers' Estate, No. 610 of 1950, O. C. of Philadelphia County (not reported); Reichert's Estate, 52 D. & C. 254 (1944); Fox Estate, Jan. Term, 1922, No. 568, O. C. of Philadelphia County (not reported); Kauffman's Estate, No. 2608 of 1949, O. C. of Philadelphia County (not reported).'

"See also: Gallagher v. Merry, 366 Pa. 258, 261 (1951)."

This principle has been reaffirmed in Jones Estate, 18 D. & C. 2d 581 (1959); Skelton Estate, 20 D. & C. 2d 491 (1960); Ross Estate, 25 D. & C. 2d 777, 783 (1962); Smith Estate, 28 D. & C. 2d 343, 346 (1962); Snyder Estate, 32 D. & C. 2d 291, 297 (1964); Ball Trust (No. 2), 41 D. & C. 2d 527 (1967).

Accordingly, we will adhere to the long-established practice of this court and refrain from terminating this litigation with the record in its present state. We will sustain the preliminary objections pro forma and permit the complainants to renew their action de novo in the Orphans' Court Division. We also direct that henceforth the proceedings in this matter conform

with the practice in the Orphans' Court Division. As both respondents named in the bill of complaint, Continental Bank and Trust Company, as executor of the estate of Joseph A. Stein, the decedent, and Elizabeth Stein, as a distributee named in the will, are subject to the process of the Orphans' Court Division, the complainants will be directed to commence their suit in this division by petition requesting that a citation be issued directed to respondents in accordance with section 704 of the Orphans' Court Act of August 10, 1951, P. L. 1163. The caption of the case shall hereafter be: Orphans' Court Division, Court of Common Pleas of Philadelphia, No. 1477 of 1970, Estate of Joseph S. Stein, deceased.

Accordingly, we enter the following

### DECREE

And now, July 1, 1970, the preliminary objections are sustained pro forma. Leave is granted Bertram L. Stein and Milton Stein, the complainants, to proceed de novo in the Orphans' Court Division by petition for citation, within 20 days of the date of this decree.