Clodi *v.* Kremens and Wohlgemuth.

Argued December 8, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., and KRAMER, sitting as a panel of three.

*Richard B. Sigmond,* with him *Meranze, Katz, Spear and Bielitsky,* for plaintiff.

*Jacques H. Fox,* Assistant Attorney General, with him *Marx S. Leopold,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for defendants.

OPINION BY JUDGE KRAMER, January 20, 1972:

This case was filed within the original jurisdiction of this Court. The instant matter comes before this Court on Preliminary Objections filed by Kremens and Wohlgemuth (Defendants). These Preliminary Objec-

tions were filed in response to Plaintiff's filing of a suit in equity praying that Defendants be enjoined from dismissing Plaintiff from her position at Haverford State Hospital.

On or about December 7, 1970, Elizabeth Clodi (plaintiff) entered the employ of Social Services Division at the Haverford State Hospital. Her initial position classification was that of "E" status, i.e., an emergency appointment. Subsequently her position was changed to that of Caseworker—Probationary Status. The Civil Service Act, Act of August 5, 1941, P. L. 752, as amended, 71 P.S. 741.603(a) provides: "No appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period. The probationary period for each class of position shall be prescribed in the rules of the commission and shall in no case be less than six months or more than eighteen months. . . ." In accordance with this statutory provision, the Department of Public Welfare set the term of nine months as the probationary period of a caseworker—probationary status.[1] A performance report evaluating Plaintiff's work was submitted by her immediate supervisor on July 23, 1971, placing Plaintiff's work product in the "unsatisfactory" category. This evaluation was thereafter reviewed by a senior supervisor and again by the reviewing officer, each approving the "unsatisfactory" determination.

In late August of 1971, Plaintiff was notified via letter by Defendant Kremens, the Director of Haverford State Hospital, that her employment was to terminate as of September 8, 1971. This letter also notified the Plaintiff of her rights to appeal to the Civil Service Commission, among other rights set forth. Plaintiff thereafter requested this Court to issue, ex

---

[1] Plaintiff's probationary status period was to end on October 1, 1971.

parte, a preliminary injunction on grounds that administrative due process had been denied her. This we refused to do. On September 17, 1971, a hearing was held to act upon Plaintiff's request for a preliminary injunction. This Court refused to issue such an injunction. On that same day, Defendants filed Preliminary Objections to Plaintiff's Complaint in equity alleging that Plaintiff had an adequate remedy at law under the provisions of the Civil Service Act, *supra*, and therefore equitable relief was inappropriate. Answer to the Preliminary Objections was filed by Plaintiff on September 21, 1971.

Plaintiff alleges that Defendants failed to grant to her a number of appellate rights as provided for in the Manual of the Department of Public Welfare. It is unnecessary to outline the substance of these allegations, because even under the regulations found in the Manual, the Plaintiff had a right to file an appeal with the Secretary of Public Welfare, which she failed to do.

The real issue before us as framed by Defendants' filing of preliminary objections is whether or not there exists for Plaintiff an adequate remedy at law. The existence of such an adequate remedy at law would render it inappropriate for this Court to entertain this case within its equity jurisdiction.

We now look to the Civil Service Act, *supra*, in order to determine the existence or absence for Plaintiff of an adequate remedy at law. The following cited statutory provisions appear to outline Plaintiff's appellate rights. The Act at 71 P.S. 741.603 provides: ". . . At such times during the probationary period, and in such manner as the director may require, the appointing authority shall report to the director his observation of the work of the employe and his judgment as to the willingness and ability of the employe to perform his duties satisfactorily and as to his dependability. At

any time during the probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service." At 71 P.S. 741.-804, the Act states: "The appointing authority may remove an employe from the classified service at any time before the expiration of the probationary period." The Act further states at 71 P.S. 741.905(a): "No officer or employe of the Commonwealth shall discriminate against *any person* in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations, because of labor union affiliations or because of race, national origin *or other non-merit factors.*" (Emphasis added.) And finally, at 71 P.S. 741.951(b), the statute provides: "*Any person* who is aggrieved by an alleged violation of section 905.1 of this Act [Section 741.905 (a)] may appeal in writing to the commission within twenty calendar days of the alleged violation. . . ." (Emphasis added.)

It would then appear that an avenue of appeal was open to Plaintiff whereby she would be entitled to allege that her dismissal was for non-merit factors and thereby come under the protective mantle of the Act.

However, it is upon this very point that Plaintiff takes issue. It is her position that the utilization in the statute of the phrase "non-merit factors" "is not broad enough to encompass such an interpretation." This argument must fail when one analyzes the words of the Act. Unless otherwise limited by statute, we understand "non-merit factors" to include the allegations made by Plaintiff. Plaintiff alleges that her work was improperly evaluated and that her rights to appeal said

evaluation as granted by the Manual were denied, and she was thereafter dismissed. To us this means that Plaintiff is alleging dismissal for "non-merit factors" and such appeal comes within the purview of the appellate procedure before the Civil Service Commission. Note is to be taken of a similar interpretation given to this section of the Act by the United States Court of Appeals for the Third Circuit in the case of *Grausam v. Murphy, et al.*, No. 18547.

This Court, in the case of *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 467, 279 A. 2d 368, 371 (1971), spoke in construing this very portion of the statute, and we held: "Any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability."

This Plaintiff had an adequate remedy at law to test her dismissal as a probationary employee. Once we make that holding we cannot look behind the equity pleadings to make determinations on the justness of Plaintiff's case. In the case of *Kane v. Morrison*, 352 Pa. 611, 44 A. 2d 53 (1945), our Supreme Court stated:

"A court of equity is not a forum which may be resorted to by those who fail to avail themselves of the remedies provided by law for the vindication of rights which they allege have been violated. Since the establishment of courts of equity in this Commonwealth, resort to a court of equity has been uniformly and consistently denied to those who neglect to invoke an adequate statutory remedy.

"The rule that equity will not grant relief whereon the case stated there is a plain, adequate and complete remedy at law has been consistently adhered to and

frequently reiterated. Where a remedy is provided at law it must be strictly pursued. . . . It follows that the doors of a court of equity which would be closed to a vigilant litigant because he has a statutory remedy do not open to him upon his showing that he has ignored that remedy."

For the above stated reasons we are of the opinion that an adequate remedy at law existed under the appellate provisions of the Civil Service Act, *supra*, and therefore, we

### ORDER

AND NOW, this 20 day of January, 1972, the Preliminary Objections filed by the Defendants are sustained, and the Plaintiff's Complaint is hereby dismissed.